Verhine *v.* Ragsdale.

VERHINE *v.* RAGSDALE.

(*Jackson.*    April 15, 1896.)

1. ESTATES.   *For life.   Tenancy by the curtesy.*

W. devised a farm to his wife as a home for herself and children, and to enable her "to make provisions and sustenance for herself and them during her natural life," provided she did not remarry, in which event other provisions were made for her. The executors were authorized, if they deemed proper and she remained a widow, to sell the lands and reinvest the proceeds in "the purchase of a place for a home for herself and family." The widow did not remarry.   The lands were sold, and proceeds reinvested in other lands under direction of the Court, in accordance with said will.   Title to the lands purchased was conveyed to the said widow "in her own right of dowry," and to her five children by their names, by regular warranty deed. The husband of one of the daughters, who died before her mother, claimed tenancy by the curtesy in the lands purchased.

*Held:* 1. The widow took a life estate in the lands purchased. 2. That the husband of the daughter did not take any estate by curtesy in said lands on account of the existence of the widow's life estate at her death.   (*Post, pp. 533–543.*)

Cases cited and approved: Prater *v.* Hoover, 1 Cold., 544; Reed *v.* Reed, 3 Head, 490; Upchurch *v.* Anderson, 3 Bax., 410.

2. EVIDENCE.   *Record and decree as evidence.*

And a registered certified copy of the decree directing sale of the lands and reinvestment of proceeds, setting out all the essential facts upon its face, is admissible, in support and explanation of the deed taken, without certified transcript of any other portion of the record.   (*Post, pp. 541, 542.*)

Case cited and approved: Whitmore *v.* Johnson's Heirs, 10 Hum., 608, 609.

3. ANSWER.   *Effect of, as to questions of law.*

An erroneous insistence as to the construction of a deed, made in an answer, does not estop the defendant to set up a different

Verhine *v.* Ragsdale.

and correct construction thereof at the hearing or on appeal. (*Post, pp. 538, 539.*)

Case cited and approved: Furman *v.* North, 4 Bax., 296.

## FROM OBION.

Appeal from Chancery Court of Obion County. JNO. S. COOPER, Ch.

OWNBY & LANNOM for Verhine.

J. G. SMITH and A. J. HARPOLE for Ragsdale.

JOHN T. ALLEN, Sp. J. This bill was filed in the Chancery court of Obion County by Susie Verhine and other complainants against Cicero Ragsdale, defendant, in an action of ejectment to recover possession of a tract of land in Obion County, containing seventy-seven and seven-eighths acres, described in the bill, which the complainants allege they inherited from their mother, Margaret M. Ragsdale, deceased, who was the wife of the defendant, Cicero Ragsdale. The said Cicero Ragsdale admits that he is in possession of said land, and insists that he is entitled to a life estate in said land, as tenant, by the curtesy, and that he is rightfully in possession of the same.

The facts are as follows, to wit: That, in 1854, Mrs. Louisa M. Wilson purchased of Wm. L. Golden

and wife a tract of land of one hundred and forty-six and one-half acres, of which the land in controversy is a part, and the deed to said land was made to the said Louisa M. Wilson and her five children by Robert Wilson, deceased, late of Sumner County, Tennessee, and said deed reads as follows, to wit: "Wm. L. Golden and his, wife, Nancy, of the one part, and Mrs. Louisa M. Wilson, widow and relict of Robert Wilson, deceased, late of Sumner County, Tennessee, in her own right of dowry, and Elizabeth J. White (formerly Elizabeth Wilson), Susan E. Wilson, Margaret M. Verhine (formerly Sarah E. Wilson), ——— Wilson, and Jacob D. Wilson, children and heirs at law of Robert Wilson, deceased, all of the county of Obion and State of Tennessee, of the second part, witnesseth: That the said Wm. L. Golden and Nancy, his wife, the party of the first part, for and in consideration of the sum of ($1,200) twelve hundred dollars in hand paid by the said Louisa M. Wilson, for the parties of the second part, the receipt of which is hereby fully acknowledged, hath and by virtue of these presents doth give, grant, bargain, sell, alien, enfeoff, convey, and confirm unto said parties of the second part and their heirs, forever, all and every part of one certain tract or parcel of land situated and being in the county of Obion, in civil district number 1 (describing it). To have and to hold the said tract or parcel of land above described, together with all the rights, privileges, hereditaments, and

appurtenances thereunto belonging or in anywise apper-
taining, to them, the said party of the second part,
and their heirs and assigns, forever. And the said
·Wm. L. Golden and Nancy, his wife, for them-
selves, their heirs, executors, and administrators, unto
the said parties of the second part and their heirs
and assigns, the right and title of the foregoing de-
scribed land and bargained premises they will for-
ever warrant and defend against the right, title,
claim, and demand of any and all persons whatso-
ever, either in law or equity,'' etc. Which deed
was signed, acknowledged, and registered.

All five of the said children of Louisa M. Wilson
and Robert Wilson, deceased, mentioned in said deed,
are now dead, and died without issue, except the
said Margaret M. Verhine and Elizabeth J. White,
who left issue surviving. After said deed was
made, the said Margaret M. Verhine married defend-
ant, Cicero Ragsdale, by whom she had several chil-
dren, viz.: Frank Ragsdale, Vickey Ragsdale, Jay
Ragsdale, and Sarah McCloud, wife of John Mc-
Cloud, and she died June, 1879, leaving all of said
children and her husband, Cicero Ragsdale, and also
Susie Verhine, her child by a former marriage, sur-
viving. The said Elizabeth J. White, deceased, left
her surviving the following children, viz.: Mrs. Har-
riet Lackey, Sarah E. Bird, and Robert W. White.
The said Mrs. Louisa M. Wilson outlived all of
her children. She died August, 1889, ten. years
after the death of her daughter, Margaret M. Rags-

dale (formerly Margaret M. Verhine), wife of defendant, Cicero Ragsdale. After the death of Mrs. Louisa M. Wilson, a petition was filed in the County Court of Obion County by Lackey *et al.* against Susie Verhine *et al.*, for a division in kind of said land between the children of Elizabeth J. White, deceased, and of Margaret M. Ragsdale, deceased. Commissioners were appointed by the Court to divide said land, who divided said land into two lots or parcels, giving to the said children of Margaret M. Ragsdale, deceased, lot No. 1, containing $77\frac{7}{8}$ acres, and to the children of Elizabeth J. White, deceased, lot No. 2, containing $68\frac{1}{8}$ acres, and the County Court confirmed said division, and divested and vested titles to said two lots of land accordingly. The defendant, Cicero Ragsdale, is in possession of said lot No. 1, of $77\frac{7}{8}$ acres, described in complainants' bill, and refuses to surrender the same to said children of his deceased wife, Margaret M. Ragsdale; and said children, viz.: Susie Verhine (who is a *non compos*), Jay Ragsdale, Frank Ragsdale, and Vickey Ragsdale, the last three being minors, and Sallie McCloud, wife of John McCloud, have brought this suit to recover said land; the minors and the *non compos mentis* sue by their regular guardian, H. D. Chambers.

The rights of the parties depend upon a construction of the deed from Golden to Mrs. Wilson and her children. Complainants insist that said deed con veyed the fee in the whole of said land to Mrs.

Louisa M. Wilson, for and during her natural life, and the remainder to her said children by Robert Wilson, named in the deed, and that as Mrs. Margaret M. Ragsdale died before her mother, Mrs. Wilson, she was never seized and possessed of any interest in said land, and hence her husband, Cicero Ragsdale, acquired no claim to said land as tenant by the curtesy. On the other hand, the defense is made for defendant, Ragsdale, that Mrs. Louisa M. Wilson was only a tenant in common for life in one-sixth interest in said land, and that her said five children by Robert Wilson, living when said deed was made, were seized with one-sixth interest each, as tenants in common with their mother, Louisa M. Wilson, and with each other, in said land. Or, if this was not true, that Mrs. Louisa M. Wilson, at most, was entitled to a dower only in said land, which gave her a one-third interest in said land, for her life, and that the other two-thirds interest belonged to her said children, and that they were seized of said two-thirds interest from the date of said deed, with present right of possession, and that they were, in this event, tenants in common with their mother, Louisa M. Wilson, in said land, under said deed. These questions are raised on behalf of defendant by the assignments of error in this Court; but this defense is not made in defendants' answer to the bill. Defendant says in his answer to the bill "that a proper construction of the deed shows that the said Louisa M. Wilson owned

only a life estate in the lands therein described;" that, "when defendant, in 1871, married her daughter, then Mrs. Margaret M. Verhine, the said Louisa M. Wilson told him to take possession of the share, or the undivided interest in said land which belonged to the said Margaret, and the other half of it belonged to her daughter, Mrs. Elizabeth J. White. And at the date aforesaid respondent entered on the land, and took possession as the husband of his said wife, and has ever since that date been in possession of his wife's interest in said land," etc. The Chancellor, in construing said deed, held that it vested the said Mrs. Louisa M. Wilson with a life estate in the entire 146 acres of land, and the other grantees therein with the remainder, and that this was the construction defendant put upon said deed in his answer, and this holding of the Chancellor is assigned as error by the defendant.

In any case involving only questions of fact, the defendant is bound by the defenses or statements made in his answer, and he cannot make any defense that is not set up in his answer. *Furman* v. *North*, 4 Bax., 296. And if this case involved only a question of fact, defendant would be precluded from making a different defense from that made in his answer. But this case involving only a legal construction of said deed, the answer cannot change the effect of such construction, and the defendant is not precluded by his answer from raising any question on the construction of said deed that

he may elect to make, although it may be altogether different from the construction placed upon said deed in his answer, a proper construction of said deed, in any event, being only a question of law.

Robert Wilson made and executed his last will, in writing, January 24, 1843, which will was probated in the County Court of Sumner County, at its March term, 1843, and the second item of said will is as follows: "I bequeath unto by beloved wife, Louisa Wilson, the tract or parcel of land on which I now live, containing about thirty-seven acres, to have and to hold the same as a home and possession for herself and our children, in order to make provisions and sustenance for herself and them during her natural life, provided she does not marry again, then, in that event, my will and desire is, that there be allowed her, and that she have, a distributive, or, in other words, a child's part of said land or a distributive part of its value. Also a distributive portion of my personal property that may be, at the time, here allowed to and in such a contingency as here contemplated. Now, in the event that my wife remain a widow, and should desire to remove with her family to her relatives, or elsewhere, and circumstances should, in the estimation of my executors, hereinafter to be named, seem to justify or make expedient such a course, then, and in that case, my executors are authorized to sell and convey to any person the said tract of land, and any other such property as they may deem ad-

visable and proper, and apply the proceeds thereof to the purchase of a place for a home for herself and family.''

Louisa M. Wilson and Addison Wilson were nominated as executrix and executor of said will. The said Addison Wilson moved to Texas, and, thereafter, the said Louisa M. Wilson filed a bill in the Circuit Court of Sumner County for the sale of said land. Her minor children were made defendants to said bill, and they were represented by guardian *ad litem*, who answered said bill for the minors. And a decree was made and entered at the June term of said Court, 1851, to sell said land to one Thompkins, at the price of forty dollars per acre, and, that upon the payment of the purchase money by said Thompkins, that title to said land be divested out of the parties and vested in the purchaser. And said decree directed the said Louisa M. Wilson to apply the proceeds of said sale to the purchase of another place for herself and the heirs and devisees of Robert Wilson, deceased, as directed by the will of Robert Wilson, deceased, and that she was required to give bond for the faithful discharge of said trust, which was, that she would purchase a place for herself and family, to be held by her in the same way that the said thirty-seven acres of land in Sumner County had been held by her under the will of Robert Wilson, deceased.

The sale to Thompkins of said thirty-seven acres

was consummated in said proceeding, and was confirmed by the Court, etc., and the purchase money was paid.    On June 28, 1851, the said Louisa M. Wilson gave bond, as required by said decree, for the sum of three thousand dollars, with Wm. Dodd and W. C. Moore as sureties on said bond; the conditions of which bond was, that she would apply said fund to the purchase of another place for herself and children, as required by the will of Robert Wilson, deceased.    The decree in said case is very full, and explains the whole purpose and object of said sale.    The will of Robert Wilson, deceased, and the names of the said widow and children, made devisees and legatees under said will, are mentioned and set out in said decree, and it embodies all the facts and every matter essential to establish the rights of the parties; and said decree was registered in the Register's office of Sumner County.    And a certified copy of said decree was filed as evidence in this case, and was admitted as evidence by the Chancellor, together with a certified copy of the record in that case; all of which was excepted to by defendant, and its admission as evidence is assigned as error, because it is insisted the same is not a complete transcript of the record of said case.    But this is not a material assignment, for the reason that the decree itself recites all the facts essential for the Court to know in this case in regard to said proceedings in the Circuit Court of Sumner County.    And said decree, having been

registered, and a certified copy of the same having
been filed in this case, it was competent. *Whitmore*
v. *Johnson Heirs*, 10 Hum., 608, 609.

When the deed referred to, from Golden to Louisa
M. Wilson and others, to the Obion County land,
is considered in connection with the will of Robert
Wilson, deceased, and the decree of the Circuit
Court of Sumner County referred to, it is obvious
that the Louisa M. Wilson and children named in
said will, decree, and deed from Golden, were the
same persons, and that the money paid for the
Obion County land was manifestly the net fund
Louisa M. Wilson realized from the Sumner County
land.

The Court, considering said deed in connection
with the will of Robert Wilson, deceased, and the
decree of the Circuit Court of Sumner County re-
ferred to, construe said deed from Wm. L. Golden
and wife to "Louisa M. Wilson, widow and relict
of Robert Wilson, deceased, late of Sumner County,
Tennessee, in her own right of dowry," and the
"children and heirs at law of Robert Wilson, de-
ceased," named in said deed, to have vested in Mrs.
Louisa M. Wilson a life estate in the whole of said
land, with remainder in her said children by Robert
Wilson, and that her said children, though vested
remaindermen, were not seized of any interest as
tenants in common in said land during the life of
their mother, Louisa M. Wilson, she having re-
mained the widow of Robert Wilson, deceased, until

her death. And the said Margaret M. Ragsdale having died previous to the death of her mother, Louisa M. Wilson, was never seized of any interest in said land with the present right of possession; and, therefore, her husband, Cicero Ragsdale, never acquired any right or claim to any part or interest in said land as tenant by the curtesy. *Prater and wife et al.* v. *Hoover et al.*, 1 Cold., 544; *Andrew Reed* v. *Wm. Reed et al.*, 3 Head., 490; *Upchurch* v. *Anderson et al.*, 3 Bax., 410.

The defendant, Cicero Ragsdale, having no interest in said land, it was not necessary to make him a party to the petition filed by Lackey and others in the County Court for a division of said land.

Complainants are entitled to the possession of said lot No. 1, of 77⅝ acres, set apart to them by the County Court of Obion County, in the division of said lands as described in complainant's bill.

The decree will be affirmed.