CROCKER   *v.*   BALCH.

*(Nashville.   January   20,   1900.)*

1. WILLS.   *Right to contest.*

The right of a proposed contestant to contest a will, if disputed, presents a controversy separate from and preliminary to the contest itself, and an appeal lies from a decision of this question before the contest is heard.   *(Post, p. 8.)*

Cases cited: Wynne *v.* Spiers, 7 Hum., 393; Cornwell *v.* Cornwell, 11 Hum., 485; Keith *v.* Raglan, 1 Cold., 474; Townsend *v.* Townsend, 4 Cold., 84.

2. ADOPTION.   *Jurisdiction of County Court.*

County Courts are Courts of general jurisdiction in matters pertaining to adoption and legitimation of children.   Their proceedings and decrees, in such cases, cannot be assailed collaterally, except for want of jurisdiction appearing affirmatively on the face of the record.   *(Post, pp. 8, 9.)*

Cases cited: Reinhardt *v.* Nealis, 101 Tenn., 173; Kindel *v.* Titus, 9 Heis., 727; Pope *v.* Harrison, 16 Lea, 82.

3. SAME.   *Proceedings meager, but valid.*

Although adoption proceedings may be meager, still they are valid, on collateral attack, if they comply substantially with the statutory requirements.   It is not essential that the terms of adoption be fully set out in the decree, as the effect of adoption is fixed by law.   It suffices if the petition which is copied into the decree, sets out the reasons and terms of the adoption.   *(Post, p. 9.)*

4. PAUPER OATH.   *Administrator with will annexed.*

An administrator with will annexed should not be permitted to prosecute appeal on pauper oath when the estate has assets. *(Post, pp. 9, 10.)*

FROM   DAVIDSON.

Appeal in error from Circuit Court of Davidson County.   J. W. BONNER, J.

Crocker *v.* Balch.

JAS. TRIMBLE, HAMILTON PARKS, and SAM HAR-
WOOD for Crocker.

NOAH W. COOPER for Balch.

WILKES, J.   Andrew Johnson died in Davidson
County in 1897, possessed of a small estate of
personal and real property. He left no issue, but
only a widow, to whom he devised his entire es-
tate, real and personal. The will was duly pro-
bated in common form.

Charles Balch and wife, Anneta, filed a peti-
tion in the County Court, asking to set aside
the probate and to be allowed to contest the will
upon an issue *devisavit vel non.* The petition
states that Anneta is an adopted child of the
testator. The widow answered the petition and de-
nied the fact of adoption. The County Court or-
dered the controversy certified to the Circuit Court
for hearing. In that Court the widow moved that
the petitioner, Anneta, be required to show that
she was legally adopted. It was so ordered by
the Court. Certain proceedings in the County
Court of Davidson County were then introduced
to sustain the contention, and the Court held
them sufficient to establish the petitioner's adoption,
and consequently her right to contest the will.
An appeal was thereupon prayed to this Court,
which was refused, and hearing upon the issue
of *devisavit vel non* was proceeded with, resulting
in a mistrial. The adminstrator with the will

annexed thereupon applied for a rehearing upon
the question of adoption, and it was granted, and
the Court reaffirmed its former holding, but granted
an appeal from its ruling to this Court.

. It is now insisted that granting the appeal is
error. The right of a person to contest a will
presents a controversy separate from and prelimi-
nary to the contest itself. *Wynne* v. *Spiers,* 7
Hum., 393; *Cornwell* v. *Cornwell,* 11 Hum., 485;
. *Keith* v. *Raglan,* 1 Cold., 477; *Townsend* v. *Town-
send,* 4 Cold., · 84. It is insisted that the adop-
tion proceedings in the County Court are void,
for several reasons: First, because the record does
not show upon its face that Johnson and wife,
who adopted the child, were, at the time they
filed their petition, citizens of Davidson County.

Our statute (Shannon, Sec. 5402) provides for
the adoption of children on the application of any
resident citizen of the county in which the appli-
cation is made. The petition should set forth the
reasons and terms of adoption (Sec. 5409), and
the Court, if satisfied with the reasons given, may
sanction the adoption by decree entered on its
minutes embodying the petition and directing the
terms of the adoption. Sec. 5410. Sec. 5411 de-
clares what shall be the effect of such adoption.

It has been held that there is a material dif-
ference between adoption and legitimation. *Murphy*
v. *Portrum,* 11 Pickle, 605-609. The provisions
of the statute, *supra,* as well as others on the

same subject, make the County Court one of general jurisdiction over matters pertaining to the adoption and legitimating of children. It has been held that the decree of such Court of general jurisdiction cannot be collaterally questioned, except for want of authority over the matter adjudicated, and in such case the record must show affirmatively such want of authority. In the absence of anything in the record impeaching the right of such Court to determine the question involved, there is a conclusive presumption that it had such right. *Reinhardt* v. *Nealis,* 17 Pickle, 173; *Kindel* v. *Titus,* 9 Heis., 727; *Pope* v. *Harrison,* 16 Lea, 82. It is said the decree of the Court is too indefinite and vague to confer any rights. The decree sets out the petition verbatim and confirms it and makes it the decree of the Court. The statute prescribes that the decree shall embody the petition and direct the terms of adoption.

While the decree in this case may be meager, it sets out substantially all that is required by the statute. It need not recite all the terms of adoption, as the effect of adoption is fixed by the statute. The petition sets out the reasons for adoption and the terms, and its prayer is confirmed, and the petition and prayer are made the decree of the Court.

It is said that the administrator with the will annexed is the only party who has appealed to this Court, and that he has done so on the

pauper oath. The widow, who is the sole devisee, has not appealed. She was the only party to the contest when it was commenced. The administrator with the will annexed was afterwards appointed and became a party. This, we think, is not irregular, so far as making the administrator with will annexed a party. In appealing, it is evident that he should not have been permitted to take the pauper oath, as the assets of the estate are responsible for the costs of his contest made in good faith. There was no preliminary motion made, however, to dismiss. As the case must result, the matter is not important, as the judgment of the Court below must be affirmed and cause remanded, to the end that the contest of the will may proceed, if desired. The costs of the appeal will be paid by the appellant, and he will recover the same out of the assets of the estate which may come into his hands.