W. T. RUSSELL *et al. v.* ELZA HOUSTON *et al.*

(*Knoxville.* September Term, 1905.)

**JUDGMENTS AND DECREES.** Res adjudicata shown by production of decree and entries on rule docket, where the papers are lost.

The final decree in an ejectment suit in .chancery and the entries on the rule docket are admissible in evidence and may be relied upon to show a former adjudication in a subsequent suit involving the same controversy, without the production of the whole record, where it is shown that the file of papers, including the pleadings, in the case have disappeared from the clerk and master's office, and cannot be found after diligent search. The reason of this rule rests on the presumption in favor of chancery decrees where the court appears to have jurisdiction, and the loss of the pleadings and other unenrolled or unrecorded papers.

Cases cited and approved: Hopper v. Fisher, 2 Head, 254; Pope v. Harrison, 16 Lea, 82; Robertson v. Winchester, 85 Tenn., 171; Crocker v. Balch, 104 Tenn., 6; Galpin v. Page, 13 Wall., 350; Coit v. Haven, 30 Conn., 190; Sims v. Gay, 109 Ind., 501; Tallman v. Ely, 6 Wis., 244; Evans v. Young, 10 Col., 316; Swearengen v. Gulick, 67 Ill., 208; Bradley v. Drone, 187 Ill., 175; Gulickson v. Bodkin, 78 Minn., 33; Wilkerson v. Schoonmaker, 77 Tex., 615; Reynolds v. Stansbury, 20 Ohio, 344; Herd v. Cist (Ky.), 12 S. W., 466; Sharp v. Brunnings, 35 Cal., 528, 533.

Cases cited, distinguished, and approved: Duncan v. Gibbs, 1 Yer., 261; Lowry v. McDurmott, 5 Yer., 225; Lewis v. Bullard, 3 Hum., 207; Whitmore v. Johnson, 10 Hum., 610; Carrick v. Armstrong, 2 Cold., 265; Willis v. Louderback, 5 Lea, 561; Verhine v. Ragsdale, 96 Tenn., 532; Givens v. State, 103 Tenn., 649; Smith v. Hutchison, 104 Tenn., 395; Castleman v. Land Co., 1 Tenn. Chy. App., 9.

Russell v. Houston.

### FROM COCKE.

Appeal from the Chancery Court of Cocke County.—
HAL. H. HAYNES, Chancellor.

PICKLE & TURNER, for complainants.

H. N. CATE and G. A. MOODY, for defendants.

MR. JUSTICE NEIL delivered the opinion of the court.

This was an action of ejectment brought in the chancery court of Cocke county to recover a tract of land described in the pleadings. The right to recover was based upon two grounds, but we need consider only one of them here, viz.; that, when the present suit was brought, the controversy had already been concluded by a decree in a prior litigation between the same parties, or their privies, in the case of *Peck et al.* v. *Elza Houston et al.,* in the same court.

The chancellor decreed in favor of the complainants, and on appeal this decree was affirmed by the court of chancery appeals. From the latter decree an appeal has been prosecuted to this court, and errors have been assigned here.

The assignments are very numerous, and all have been examined and disposed of in a memorandum opinion filed with the record. We shall consider only one of them in the present opinion.

The assignment referred to makes the point that the record in the case of *Peck* v. *Houston* was not admissible in evidence.

Upon this subject the court of chancery appeals report the following facts:

"Complainants also claim under a decree in an action of ejectment against said Elza Houston et al. rendered by the chancery court of Cocke county on the 28th of August, 1889, in favor of complainants or their privies for the land in controversy, and that this decree is binding and effective against the defendants. . . . On November 24, 1885, a bill was filed in the chancery court of Cocke county by I. T. Peck, John H. Peck, and others against the defendants, Elza Houston, Wm. Houston, and others, involving the land now in controversy, and in said case a decree was pronounced reciting that complainants were entitled to the relief sought in their bill, and that their title to the land set forth in grant No. 23,594 from the State of Tennessee to Jacob Peck and Ezekiel Birdseye, dated the 11th day of September, 1840, was the older and superior title to the lands mentioned in the 4,000-acre grant to Howell Houston, which was then, as now, relied on by defendants. A recovery was decreed in favor of complainants for the land, 5,000 acres, the metes and bounds of which are set out in the

Russell v. Houston.

decree, and a writ of possession was awarded to place complainants in possession of the same. It is shown that the file of papers in said case has been out of the office of the clerk and master for a number of years. The attorneys receipted several times for these papers, but they finally disappeared in 1890, and the clerk has looked dilligently for them. There is no evidence that they have been in the clerk's office since that time. The rule docket, however, shows the steps taken subsequent to the filing of the bill until the final decree, and the several orders and decrees are preserved on the minutes of the court, all of which appear in full in this record. Again, the defendants admit in their answer and cross bill that the records of the chancery court of Cocke county show that a bill was filed against them or some of them, it being the case of *E. J. Peck et al.* v. *Elza Houston* and others, and that a final decree appears to have been entered in said cause, and that complainants were adjudged to recover the lands. There is nothing to show that said decree was surreptitiously or fraudulently obtained. . .

"Counsel for defendants . . . insist that it was error to permit the decree to be read in evidence, which objection is made upon the ground that the entire record should be produced."

We infer from the foregoing statements and findings of the court of chancery appeals that all of the record was introduced in the court below that could be found in the office; that is to say, the final decree and the entries on the rule docket. It appears from the findings of

Russell v. Houston.

the court of chancery appeals that the papers consti-
tuting the file in the cause finally disappeared from the
clerk and master's office in the year 1890, and that they
cannot be found in that office, although they have been
diligently searched for.

The question is on whom does the burden lie, under
such a state of facts, to supply the missing parts of the
record; or, to state it differently, can either party, nei-
ther being in fault, in respect to the absence of the mis-
sing parts of the record, rely upon the decree as prima
facie evidence of the rights purporting to be adjudged
and secured therein?

We are of the opinion that under the circumstances
stated either party might rely upon the decree without
going to the expense and delay required to supply such
missing parts of the record by a bill filed for that pur-
pose or by affidavits in the cause.  The reason is that
the court of chancery is a court of general jurisdiction,
and every reasonable presumption must be indulged in
support of its decrees.  Where it appears from the face
of the decree that the chancery court had jurisdiction of
the subject-matter, this court, in the absence of evidence
to the contrary, will presume that it had jurisdiction of
the persons whose rights were involved, and also that
proper pleadings were filed and issues duly made to jus-
tify the passing of such a decree.  Before this rule can
be applied, of course, the missing parts of the record
must be accounted for; that is, it must be shown that
they are not accessible.  This rule is essential to the pro-

tection of titles and rights resting upon decrees of courts of chancery, since the law does not require the enrollment of the pleadings, and being loose papers they are easily misplaced and lost. The principles on which this rule rests will be found in the cases of *Hopper* v. *Fisher,* 2 Head, 254; *Pope* v. *Harrison,* 16 Lea, 82; *Robertson* v. *Winchester,* 85 Tenn., 171, 1 S. W., 781; *Crocker* v. *Balch,* 104 Tenn., 6, 55 S. W., 307; *Galpin* v. *Page,* 13 Wall., 350, 21 L. Ed., 959; *Coit* v. *Haven,* 30 Conn., 190, 79 Am. Dec., 244; *Sims* v. *Gay,* 109 Ind., 501, 9 N. E., 120; *Tallman* v. *Ely,* 6 Wis., 244; *Evans* v. *Young,* 10 Colo., 316, 15 Pac., 424, 3 Am. St. Rep., 583; *Swearengen* v. *Gulick,* 67 Ill., 208; *Bradley* v. *Drone,* 187 Ill., 175, 58 N. E., 304, 79 Am. St. Rep., 214; *Gulickson* v. *Bodkin,* 78 Minn., 33, 80 N. W., 783, 79 Am. St. Rep., 352; *Wilkerson* v. *Schoonmaker,* 77 Tex., 615, 14 S. W., 223, 19 Am. St. Rep., 803; *Reynolds* v. *Stanbury,* 20 Ohio, 344, 55 Am. Dec., 459; *Herd* v. *Cist* (Ky.), 12 S. W., 466; *Sharp* v. *Brunnings,* 35 Cal., 528, 533.

The rule is general, of course, that the whole record must be produced when it is in existence. *Smith* v. *Hutchison,* 104 Tenn., 395, 58 S. W., 226; *Castleman* v. *Land Co.,* 1 Tenn. Ch. App., 9; *Willis* v. *Louderback,* 5 Lea, 561; *Carrick* v. *Armstrong,* 2 Cold., 265; *Lewis* v. *Bullard,* 3 Humph., 207; *Duncan* v. *Gibbs,* 1 Yerg., 261; *Givens* v. *State,* 103 Tenn., 649, 55 S. W., 1107. These cases, however, do not conflict with the rule above announced, since it is a predicate of that rule that all of the record must be produced that is in existence.

Nor are the cases of *Lowry* v. *McDurmott,* 5 Yerg., 225; *Whitmore* v. *Johnson's Heirs,* 10 Humph., 610, and *Verhine* v. *Ragsdale,* 96 Tenn., 532, 35 S. W., 556, opposed to the rule which we have announced. · These cases stand upon a different basis, and in considering them the court had no occasion to examine or pass upon the special phase of the question to which we have herein directed our attention.

This decree being admissible, it settles the controversy. It appears from the findings of the court of chancery appeals that the heirs of Peck were the complainants in that case and the present defendants were defendants therein, and the present complainants claim under the said heirs of Peck.

Of course, the defendants might have acquired after that litigation a new title superior to that claimed by complainants therein, but no such new title is asserted in the present controversy. That decree must be regarded as having closed all matters of litigation in respect of the title of the land in existence prior to its institution.

It results that the decree of the court of chancery appeals must be affirmed.