IDA M. SCOTT *v.* R. D. WAGSTAFF *et al.*

(*Nashville.*   December Term, 1907.)

**WILLS.** Proceeding to revoke probate after ten years is barred by statute of limitation, when.

A petition in the county court to revoke or set aside the judgment or order of probate of a will, so far as the same devises real estate, on the ground that the will was admitted to probate upon testimony incompetent because that of subscribing witnesses who were beneficiaries under the will as contingent remaindermen, is barred after ten years from such probate, under the general statute of limitation, as one of the cases not otherwise expressly provided for, where the judgment or order of probate is in proper form and is valid upon its face.

Code cited and construed: Sec. 4473 (S.); sec. 3473 (M. & V.); sec. 2776 (T. & S. and 1858).

Cases cited and approved: Wynne v. Spiers, 7 Hum., 394; Cornwell v. Cornwell, 11 Humph., 485; Keith v. Raglan, 1 Cold., 474; Brown v. Brown, 14 Lea, 259; Alvis v. Oglesby, 87 Tenn., 180; Crocker v. Balch, 104 Tenn., 6.

Case cited, distinguished, and approved: Grier v. Canada, 119 Tenn., 17.

---

FROM GILES.

---

Appeal in Error from the Circuit Court of Giles County.—SAM HOLDING, Judge.

Scott v. Wagstaff.

FLOURNOY RIVERS, for petitioner.

R. H. McLAURINE, for defendants.

MR. SPECIAL JUDGE HENDERSON delivered the opinion of the Court.

The petition in this case was filed May 15, 1907, in the county court of Giles county, praying to have revoked the order of that court, made February 9, 1874, probating in common form the will of W. P. Wagstaff, as far as same devises real estate, and for general relief. The ground upon which this is asked is that the two subscribing witnesses, upon whose testimony the will was probated, are beneficiaries thereunder as contingent remaindermen, and that, being incompetent witnesses, the probate is void.

There was demurrer to the petition by the guardian *ad litem* for the minor defendants and for some who are *non compos mentis,* and order *pro confesso* against the adults; the defendants being the remaindermen and heirs of such as are dead. The county court overruled the demurrer. Demurrant declining to answer, and electing to stand on his demurrer, the order of probate was revoked and set aside.

Upon appeal to the circuit court the demurrer was sustained, and petition was dismissed; and petitioner has appealed to this court, and assigned errors.

The will, in substance, devises the whole estate equally to testator's wife and his only child, the petitioner,

providing that the share allotted to his daughter "shall be hers during her natural life and afterwards shall descend to her children, if any." Item 6 provides: "In the event that my daughter Mary Ida [petitioner] shall die without heirs, it is my will that the property hereby given to her shall go to my wife, Nancy C. Wagstaff, during her natural life, and afterwards to my brothers and sisters."

At the date of the probate of the will petitioner was less than ten years of age, and was forty-three years of age when she filed her petition. She had been married, but is now a widow, and has no children. Her mother died intestate a few years after the testator, leaving petitioner as her only heir at law. Petitioner has since been, and is still, in possession of the whole lands, some 250 acres, in Giles county.

The demurrer to the petition sets up a number of grounds. It is sustained generally by the circuit judge, without indicating any particular one or more grounds upon which his judgment is based.

The main question presented is as to the jurisdiction of the county court to revoke its order of probate of a will after the adjournment of the term and after so long a lapse of time. No reason is assigned for the long delay. There is no charge of fraud or concealment. It is not a petition to remove the case to the circuit court to try the validity of the will on an issue of *devisavit vel non*, but simply to have the order of the county court revoked upon the ground that the will

was admitted to probate upon incompetent testimony.
The order of probate is in proper form, and is valid on
its face.     The prayer of the petition is to have it re-
voked, as far as it probates the will as a will of real es-
tate.

In the case of *Grier* v. *Canada,* 119 Tenn., 17, 108 S.
W., 970 (opinion by Mr. Justice McAlister), the
probate of the will was on its face fatally defective. This
was a holographic will, and the probate failed to disclose
that the handwriting of the testator was generally
known by his acquaintances, and that three credible
witnesses proved that the writing and every part of it
was in his hand.     In short, none of the statutory re-
quirements in order to make a valid probate of a holo-
graphic will appear in the probate.     The probate was
had at the March term, 1886, of the county court.     A
re-probate in proper form was had at the December
term, 1905, nineteen years after.     The court says:

"We are of opinion that this re-probate of the will
at the December term, 1905, although nineteen years
after the original probate, was authorized by law.     In
considering this subject, Mr. Pritchard says (section
322) :

" 'The power of the county court to revoke a probate
once granted, although nowhere expressly recognized
in the statutes of this State, is a just and necessary
power to be implied from the statute conferring the gen-
eral power to take the probate of wills and grant and
revoke letters testamentary and of administration. This

power exists in cases where the grounds of objection go to the validity of the probate and involve no contested point of fact necessary to be determined by a jury on an issue of *devisavit vel non.* *Wall* v. *Wall,* 64 Am. Dec., 147; s. c., 30 Miss., 91. But the power should be cautiously exercised, and it should require a much stronger case to justify the revocation of a probate already granted than merely to show such a state of facts as would justify the rejection of the will in the first instance, since the application for revocation suggests an impeachment of the original proceedings.'

"Mr. Pritchard in the next section (323) enumerates instances in which the probate of wills has been revoked and the same will re-probated. The author, in section 324, then announces this rule:

" 'The time within which application for revocation of a probate must be made is probably limited to twenty years in the case of a will of personal estate; but there is probably no limitation in the case of a will of lands'— citing *Townsend* v. *Townsend,* 4 Cold., 70, 94 Am. Dec., 185; *Gibson* v. *Lane,* 9 Yerg., 475.

"The same author in section 316 says:

" 'There was no limitation at common law, and very ancient wills have been admitted to probate; it being understood that not less than thirty years would bar a probate. . . . But when there is great delay in presenting a will for probate, its probation will not be allowed to affect the operation of the statute of limita-

tions, so as to disturb vested rights protected by the running of the statute.' See, also, section 351, *Id*.

"It will be observed that the object of the re-probate in the present instance was not to annul the original probate, but was to supply formalities that were omitted in the former order. It was rather an ancillary proceeding than one to destroy the original probate. The re-probate of this will at the December term, 1905, of the county court was in our opinion clearly authorized, and is sufficient to make out a *prima facie* case in favor of the right of John M. Grier to recover the land in controversy."

The probate in the case at bar is valid on its face. It is sought to be revoked and set aside for matters not appearing on the record of the county court. While it does not appear upon what ground the circuit judge sustained the demurrer to the petition, it is stated at the bar and upon the brief of counsel that he was of opinion that the petitioner was barred by the statute of limitations (Shannon's Code, sec. 4473), which is as follows:

"Actions against guardians, executors, administrators, sheriffs, clerks, and other public officers on their bonds, actions on judgments and decrees of courts of record of this or any other State or government, and all other cases not expressly provided for, within ten years after the cause of action accrued."

As already stated, this is not a petition to have the

will certified to the circuit court for trial on an issue of *devisavit vel non*, though counsel have treated it in argument as such, presumably under the prayer for general relief. The prayer is expressly for "an order of revocation of said original order probating this paper writing as a will so far as the same purports to be the will of Wm. P. Wagstaff valid to convey lands." Treating it as a petition to have the order revoked by the county court, which it clearly is, it is a proceeding, a suit, an action, assailing the judgment of probate, to have it set aside. This is a fair deduction from the following cases: *Cornwell* v. *Cornwell*, 11 Humph., 485; *Wynne* v. *Spiers*, 7 Humph., 394; *Keith* v. *Raglan*, 1 Cold, 474; *Brown* v. *Brown*, 14 Lea, 259, 52 Am. Rep., 169; *Crocker* v. *Balch*, 104 Tenn., 6, 55 S. W., 307.

In *Alvis* v. *Oglesby*, 87 Tenn., 180, 10 S. W., 316, referring to the statute of limitations above quoted, this court says, through Judge Lurton:

"But the section under consideration is not limited as implied by the insistence of counsel for complainant. It does not stop with barring suit upon the bond named therein; but, to cover all contingencies, the pregnant words are added: 'And all other cases not expressly provided for, within ten years after the cause of action accrued.' These words cannot be stricken from the statute. These words, taken in connection with the opening section of the article in which both are found—that 'all civil actions other than those for causes embraced in the foregoing articles, shall be commenced after the

Scott v. Wagstaff.

cause of action has accrued, within the periods prescribed in this chapter, unless otherwise expressly provided'—indicate a legislative purpose and intent to prescribe a bar for all suits, whether specifically mentioned or not. No reason exists for any strained construction of this statute that such suits may be entertained after such delay. There is no more sanctity about the demand of a distributee than is found in the vast number of the engagements arising from the implied trusts, bailments, deposits, contracts, and judgments."

We can see no valid reason why a petition in the county court to have set aside a judgment of probate by that court, should be excepted from the operation of the above statute of limitations. Whether this applies to a petition to have the will certified to the circuit court, to be tried on an issue *devisavit vel non,* we do not decide, as the question is not directly presented.

This being decisive of the case, it is not necessary to enter into a discussion of the long line of authorities cited by learned counsel. The petition is clearly barred by the statute of limitations.

There is no error in the judgment of the circuit court dismissing the petition; and it is affirmed.