ALVIN S. SHEARIN *et al. v.* JOHN C. SHEARIN *et al.*

(*Nashville,* December Term, 1929.)

Opinion filed June 28, 1930.

W. P. Cooper, Sr. and J. D. Murphree, for plaintiff in error.

Coldwell & Nance, for defendant in error.

Mr. Chief Justice Green delivered the opinion of the Court.

J. W. Neeley died intestate in 1926 leaving a widow and five children. Before homestead and dower were set apart to the widow, one of intestate's daughters, Mrs. Lillie Shearin, wife of defendant John C. Shearin, died leaving six children.

By proceedings in the County Court of Bedford County, a transcript of which is exhibited with the bill herein, the land of J. W. Neeley was sold for upwards of $50,000. Attorneys' fees and other expenses were deducted and, from the balance, the present value of Mrs. Neeley's homestead and dower was deducted. The net balance was divided into five parts, one part being decreed to each of the four surviving Neeley children, and one part to Mrs. Lillie Shearin's children, subject to their father's curtesy, and the value of his curtesy was deducted from this share.

This bill was filed by the children of John C. Shearin in the County Court of Bedford County to review the former proceedings for alleged error apparent, on the theory that defendant John C. Shearin was entitled to no curtesy estate in his wife's share of her father's property. The County Judge sustained a demurrer to the bill.

We are of opinion that John C. Shearin was entitled to part of the allowance made to him by way of curtesy but that too much was paid to him and that the children are entitled to partial relief on their bill.

The principles of law controlling the controversy are too well settled in this State to require any consideration of decisions from other jurisdictions. Four elements are necessary to tenancy by the curtesy, marriage, issue, seizin of wife and death of wife. Upon the death of a father intestate, the seizin of his children is defeated or suspended, during the widow's life, as to that part of the land assigned to her for homestead and dower. The children have only an estate in reversion as to this part and the husband of a married daughter, dying before her mother, has no curtesy in his wife's interest in such reversion.

■ One cannot be tenant by the curtesy of a remainder or reversion, expectant upon an estate of freehold, unless the particular estate has determined during the coverture. *Reed* v. *Reed,* 40 Tenn. (3 Head), 492; *Prater* v. *Hoover,* 41 Tenn. (1 Cold.), 544; *Upchurch* v. *Anderson,* 62 Tenn. (3 Baxt.), 410; *Verhine* v. *Ragsdale,* 96 Tenn., 532.

■ In this case, if dower and homestead had been set apart to Mrs. Neeley out of the land, defendant Shearin would have been entitled to curtesy in one-fifth of the remaining land—that part not encumbered by homestead and dower. Upon sale of the land, the widow was entitled to a life estate in one-third of the proceeds as dower, plus a life estate in $1,000 as homestead. The defendant was only entitled to a life estate in one-fifth of the remaining proceeds, his wife's share, exclusive of her reversion from homestead and dower.

When the widow's dower and homestead was valued and that sum paid to her outright, it amounted to the widow's buying the reversion from the heirs, the commutation being the purchase price. As seen, defendant Shearin had no interest in this reversion. When the proceeds of the reversion were figured into the net balance and that balance divided into five shares and defendant given the value of a life estate in one of these shares, he got more than he was entitled to.

Out of the proceeds of this sale, costs, fees, etc., should have been paid. One-third of the balance plus the $1,000 should have been figured out as dower and homestead. One-fifth of the balance thus reached should have been taken as his wife's estate out of which defendant Shearin was entitled to curtesy. The defendant Shearin is liable to his children for the excess awarded to him.

If counsel can agree on a decree, the same may be entered here. Otherwise the cause will be remanded to the County Court of Bedford County for a reference or other appropriate proceedings. Tax costs to the defendant John C. Shearin.