McCartney *v.* Gamble *et al.*

(*Knoxville,* September Term, 1946)

Opinion filed November 30, 1946.

Rehearing denied January 11, 1947.

244

R. A. DAVIS, of Athens and FRANK L. FLYNN, of Knoxville, for appellant.

GODDARD & GAMBLE, of Maryville, for appellees.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The bill herein was filed to compel a settlement in the chancery court of the affairs of his ward by the guardian of complainant appointed by the county court, which court found complainant to be insane. A demurrer to the bill was sustained and the chancellor permitted an appeal.

After the decree of the county court the complainant was placed in a sanitarium at Asheville, North Carolina, but was not long thereafter declared to have recovered her sanity and discharged.

It is alleged in the bill that the complainant had no notice of the proceedings in the county court in which she was declared insane and a guardian appointed. She states that the first she knew of the matter was when an ambulance was driven to her house, two men got out and forcibly placed her in the conveyance in which she was transported to the hospital. It is accordingly insisted that the county court proceeding being had without notice to her was absolutely void and she seeks to have it so declared, she claiming that she was not present at the hearing and was without any knowledge thereof. See Code, sec. 4453.

It should be stated in this connection that Mr. Gamble, the guardian, was also appointed guardian *ad litem* by the county court and filed an answer merely submitting the rights of complainant to the court.

It is admitted that these proceedings were had under sections 4451 *et seq.* of the Code. These sections of the Code are taken from chapter 17 of the Acts of 1919, which Act was held to be constitutional in *Johnson* v. *Nelms,* 171 Tenn. 54, 100 S. W. (2d) 648. The determinative question on the appeal is whether the county court when proceeding under the sections of the Code just referred to is a court of general jurisdiction or a court of special jurisdiction.

The record of proceedings in the county court filed as an exhibit to the bill does not show that any notice or summons was served upon Mrs. McCartney nor does that record show that there was any failure to have such notice or summons served on her. It does not show whether she was brought before the court.

If the court was proceeding as one of general jurisdiction, a presumption would arise that all things were regularly done in the absence of a record showing

to the contrary. If the court was proceeding as one of special jurisdiction, a failure of the record to show that all things were regularly done would subject the proceedings to collateral attack. That the present suit is a collateral attack is not challenged.

In two recent cases, *Bradford* v. *American National Bank*, 25 Tenn. App. 413, 158 S. W. (2d) 366, and *Kirk* v. *Sumner County Bank & Trust Co.*, 25 Tenn. App. 150, 153 S.W. (2d) 139, the Court of Appeals has held that the county court when proceeding under sections 4451 *et seq.* of the Code acts as a court of general jurisdiction. The Court distinguished proceedings under these sections of the Code from inquisitions of lunacy held under sections 9613 *et seq.* of the Code where our decisions ruled that the county court proceeded as a court of special or limited jurisdiction. Judge Faw reviewed all the inquisition cases in *Brewer* v. *Griggs,* 10 Tenn. App. 378, which was a case of that class.

This Court denied petitions for *certiorari* filed in *Bradford* v. *American National Bank* and in *Kirk* v. *Sumner County Bank & Trust Co.* Doubtless the cases were rightly decided. We went over the subject at much length in *Magevney* v. *Karsch,* 167 Tenn. 32, 65 S. W. (2d) 562, 92 A. L. R. 343, and there held that although a court proceeds under a new and special statute, if the procedure outlined by that statute is according to the regular course of procedure in common law or chancery courts, the decree of such court was entitled to the same presumptions in its favor that were ordinarily indulged as to judgments of courts of record. The procedure is of this nature as laid down in Code sec. 4453.

██ The county court record exhibited with the bill herein does not purport, according to the clerk's certificate, to

be a complete record of what transpired there. We may accordingly presume that there was process issued and served on Mrs. McCartney and she was before the court, since nothing appears in the record to the contrary. *Pope* v. *Harrison,* 84 Tenn. 82.

As noted heretofore, MR. J. C. GAMBLE, a highly reputable member of the bar, was appointed guardian *ad litem* for Mrs. McCartney and this appointment tends to assure us that no injustice was done to this lady in the county court hearing. It also appears from the bill that as guardian, Mr. Gamble is now undertaking to make a settlement of the affairs of his ward in the county court. We see no reason, therefore, to call upon him to make settlement in the chancery court as is here sought.

For the reasons stated, we think the chancellor was right in sustaining the demurrer to complainant's bill and his decree will be affirmed and the bill dismissed.

ON PETITION TO REHEAR.

A petition to rehear is filed in which it is said that the bill herein charged that there was no notice given to Mrs. McCartney of the proceedings against her in the county court. That this bill was met by a demurrer only and the lack of notice therefore was admitted. We are asked to reconsider and suppress our opinion.

The argument is that the presumption in favor of the regularity of the proceedings in the county court is only a presumption which disappeared under the admission by demurrer that the charges in the bill were true. The familiar rule that presumptions are dissipated by contrary evidence is referred to and it is urged that the constructive admission of the truth of the bill's charges by demurrer has equal force.

The fault in this argument is that the presumption in favor of the regularity of proceedings in a court of general jurisdiction is a conclusive presumption unless it is impeached by the record itself. The record of the county court proceedings is filed as an exhibit and part of the bill in this case. That record, as pointed out in the opinion, does not show that due notice was not given to Mrs. McCartney prior to the hearing in the county court. We therefore indulged the presumption that such notice was given and cited authorities sustaining this view.

In *Pope* v. *Harrison,* 84 Tenn. 82, 90, it was said:

"Courts of record, having authority over the subject-matter, are competent to decide upon their own jurisdiction, and to exercise it to final judgment, without setting forth upon their records the facts and evidences upon which their decision is based; their records are absolute verities, not to be impugned by averment or proof to the contrary."

In *Magevney* v. *Karsch,* 167 Tenn. 32, 46, 65 S. W. (2d) 562, 567, 92 A. L. R. 343, we said:

"Where an attack is made upon a judgment or decree of a court of general jurisdiction by parties or their privies, such judgment or decree cannot be questioned except for want of authority over the matters adjudicated upon, and this want of authority must be found in the record itself. In the absence of anything in the record to impeach the right of such court to determine the question involved, there is a conclusive presumption that it had such a right. *Wilkins* v. *McCorkle,* 112 Tenn. 688, 80 S. W. 834; *Reinhardt* v. *Nealis,* 101 Tenn. 169, 46 S. W. 446; *Crocker* v. *Balch, supra* [104 Tenn. 6, 55 S. W. 307]."

The bill and the exhibit thereto showing no want of authority in the county court to act in the matter presented to it, the demurrer was properly sustained.

The petition to rehear is denied.