## In re McCARTNEY.—213 S. W. (2d) 25.

Eastern Division.   March 9, 1948.

Petition for Certiorari denied by Supreme Court, June 12, 1948.

R. A. Davis, of Athens, and Frank L. Flynn, of Knoxville, for petitioner.

Goddard & Gamble, of Maryland for respondents.

HOWARD, J.   This case is before us on a writ of error to review a judgment of the County Court of Blount County, Tennessee, wherein petitioner, Mary Charles McCartney, was decreed to be a person of unsound mind.

Petitioner insists that the judgment of the County Court adjudging her of unsound mind is void because the Court failed to issue process and that no process was ever served on her.

On October 12, 1945, Lucile C. High, sister of petitioner and one of respondents herein, filed a petition in the said County Court under the provisions of Section 4451 et seq. of the Code of Tennessee, to have Mrs. McCartney declared a person of unsound mind and to have a guardian appointed for her.   There were filed as exhibits to said petition affidavits of two reputable physicians, Drs. C. B. LeQuire and Lea Calloway, stating that they had each recently and personally examined Mrs. McCartney and that they pronounced her a person of unsound mind.

The County Judge appointed the other respondent herein, J. C. Gamble, a reputable attorney of the Blount County Bar, as guardian ad litem for Mrs. McCartney and he filed an answer.

Thereupon an order was entered by the County Judge decreeing Mrs. McCartney a person of unsound mind and

incompetent to transact her own business affairs and the Court appointed respondent, J. C. Gamble, as her guardian.

Thereafter, Mr. Gamble qualified as guardian and Mrs. McCartney was sent to a mental hospital at Asheville, North Carolina, where she was treated for a period of approximately ten weeks, being released December 29, 1945, with a certificate from Dr. William R. Griffin, head of the hospital, stating that she had recovered.

On January 2, 1946, J. C. Gamble, as guardian, filed a petition in the County Court asking that Mrs. McCartney be restored to a person of sound mind and an order of restoration was entered on said date. Later the final settlement of the guardian was approved and confirmed by the Court and the guardian and his sureties were released and discharged.

The technical record certified by the County Judge as containing all of the proceedings in the case in the County Court is before us and it discloses that the Clerk of the County Court failed to issue legal process ordering Mrs. McCartney to be brought defore the County Judge, and the record also shows that no process was served upon her.

Respondents have challenged the right of petitioner to seek relief in this Court, insisting that she should have sought relief in the Circuit Court. Code Section 9028 provides that: ''Any party dissatisfied with the sentence, judgment, or decree of the county court, may pray an appeal to the circuit court of the county, unless it is otherwise expressly provided.''

In Redman v. Fuller, 23 Tenn. App. 623, 136 S. W. (2d) 724, this court said that ''where county court's jurisdiction is exclusive, appeal therefrom generally lies to circuit court.''

Under Code Section 9029 "all cases in which the jurisdiction of the county court is concurrent with the circuit or chancery courts, or in which both parties consent, the appeal lies direct to the court of appeals or supreme court, as the case may be."

Our Supreme Court in Johnson v. Nelms, 171 Tenn. 54, 100 S. W. (2d) 648, 651, held that the Act of 1919 (Code Section 4451 et seq.) "does not contain language expessly repealing previous statutes relating to insane persons. Our statutes providing for jury trials in lunacy proceedings has been the law in this state since 1797, and we are of the opinion that had the Legislature intended to repeal this very important and salutary statute of such long standing it would have done so by apt language evidencing that intention. The Legislature evidently inintended the act of 1919 as an accumulative or additional remedy for hearing such cases; a simple, expedient, and inexpensive procedure where little or no doubt exists as to the insanity of the party under investigation." The Act of 1797, supra, is found in our Code under Section 9613 et seq.

Under the provisions of Code Section 9613 "Jurisdiction over the persons and estates of idiots, lunatics, and other persons of unsound mind, is intrusted to the county and chancery courts," and Code Section 10375 provides: "The chancery court has jurisdiction concurrent with the county court, over the persons and estates of idiots, lunatics, and other persons of unsound mind."

Our Appellate Courts have heretofore held that a county court, when proceeding under Section 4451 et seq. of the Code, acts as a Court of general jurisdiction. Bradford v. American Naional Bank, 25 Tenn. App. 413, 158 S. W. (2d) 366; Mc Cartney v. Gamble, 184 Tenn. 243, 198 S. W. (2d) 552.

█ Inasmuch as the county court has concurrent jurisdiction with the chancery court over persons of unsound mind, as well as over their estates, petitioner's appeal to this court was proper under the provisions of Code Section 9029.

█ It must be noted that the technical record discloses that none of Code Sections 4453 through 4456, making issuance and service of process necessary to give the County Court jurisdiction of petitioner, were complied with, nor does the case fall within any of the exceptions dispensing with personal service of process under Code Section 10431. Nor did the appointment and appearance of service of the guardian ad litem, in the absence of service of process, give the Court jurisdiction of petitioner.

For reasons stated, the judgment of the County Court of Blount County adjudging petitioner a person of unsound mind is void and of no effect, and the same is hereby set aside.

Petitioner will be taxed with the costs of the appeal.

McAmis and Goodman, JJ., concur.