Totten, J.,
delivered the opinion of the court.
This is an action of assumpsit, in the circuit court of Anderson, for work, labor, &c. The defendant pleaded non-as-sumpsit, and under that plea, gave notice of set-off. The jury find for the plaintiff “on the first issue, and assess his damages at $106 16: and they further find that the defendant has paid, of the plaintiff’s demand, the sum of $48 28, and further, that defendant is entitled to a set-off, to an amount greater than the damages assessed for the plaintiff.”
Upon this verdict, judgment was rendered for the defendant, and the plaintiff has appealed in error to this court.
The bill of exceptions gives a very' imperfect view of the case, and does not fairly raise some of the questions made in argument by counsel.
It appears that these parties held cross-demands against *93 each other — the plaintiff’s being in the form of an account, which defendant contested, the defendant’s in the form of notes, which were not contested, but admitted.
Before this action was commenced, the defendant, Smith, sued said Keith, before justice Oliver, on a note for $175, on which judgment was rendered by the justice, on the 5th October, 1852, for $147 69. At the trial before the justice, said Smith offered to credit, and did credit his note by $34, claiming it to be in full of Keith’s account for services rendered in hauling a load of bacon to Georgia for him, the said Smith. Keith objected to this credit, he had not offered the account as a set-off, and he claimed more than twice the amount that Smith proposed to allow. Keith also protested against the credit before the justice, and requested him not to allow it; but on Smith’s motion it was allowed, and judgment rendered for the balance. This judgment was paid by Keith.
On the 28th January, 1843, justice Oliver rendered another judgment for $59 95 in favor of Smith against Keith, and this judgment is named in the notice, as part of the set-off relied upon in this action. This judgment was rendered by the justice after the commencement of the present suit, in which the writ was issued 7th November, 1842.
His Honor, the circuit judge, was of opinion that said $34, given as before stated, was a valid credit, and that it should be deducted from the plaintiff’s account, and so instructed the jury.
He was also of opinion, that the judgment for $59 95 was a proper demand for set-off in this case, and so instructed the jury. To these instructions the plaintiff’s counsel excepted.
1. We do not think that the plaintiff was bound by the act of the defendant in entering the $34 credit. It was the voluntary and arbitrary act of the defendant, not done in good faith, but to enforce the plaintiff to take in full payment, less than half the amount ol' his just demand. The plaintiff *94 did not offer his account on that trial, as a credit or a set-off, as it was not admitted by the defendant to its true amount, but protested against any credit or judgment in reference to it. The note on which the defendant sued, had no reference to the plaintiff’s account; they were entirely separate and distinct. The account was not the proper subject for a credit, except by consent, or by way of set-off, if, indeed, it was within the justice’s jurisdiction under the plea of set-off, it bping fora greater amount than fifty dollars. The defendant intended that the credit should be taken as a payment and settlement of the whole account, and thereby to defeat or «embarrass the plaintiff in the assertion of his claims for ithe balance. We regard it as the act of one party, and not binding on the other. The note is credited by the mere act of its owner, and merged in a judgment for less than its jrue amount. The debtor is in no wise responsible for it, as it is done against his will and in the face of his protest. The payment of the judgment, after it was thus rendered, is not to be construed into a consent to the credit; for it was justly due from the debtor, and of course he was compelled to pay it. But the plaintiff did not credit his account, or consent or agree to credit, and the act of the defendant, so far as relates to the account, is to be regarded as though it were not done. The jury should, therefore, have been instructed not to deduct this pretended credit from the account.
2. As to the judgment claimed as a set-off, it was proper to admit it if the claim on which it was founded was an existing debt at the time the action was commenced, — otherwise not.
The judgment before the justice having been rendered after the Institution of this suit, it is not in itself a proper claim for set-off unless it were offered by plea, puis darien continuance, in which case it would be competent for the court to admit it on payment of the costs up to that time; and such plea would *95 also have the effect to admit the plaintiff’s demand, and the only thing remaining in controversy would be the matter of set-off. But the judgment is not offered under any such plea. Set-off is in the nature of a cross-action, and it can only be allowed in a case of mutual debts, in the same right, subsisting at the commencement of the litigation. If the debt relied upon as set-off, be not due or demandable at that time, it cannot then be pleaded, but may be pleaded if it fall due pending the litigation, under the plea, puis dañen continuance. And so likewise, perhaps, of any other debt which the plaintiff, by contract with defendant, may become liable for, pending the original suit.
But we do not think that the defendant may purchase debts on the plaintiff, after the commencement of the suit, and make them a proper subject of set-off. Such claims do not meet the idea of “mutual debts subsisting” between the parties, as contemplated by the statute. Act 1756, ch. 4, sec. 7. Tidd’s Pr. 664. Whether the claim on which the justice’s judgment is founded, is a proper subject for a set-off, will depend upon the facts, as they may appear at another trial.
It seems that the plaintiff tendered the amount of this judgment to avoid it as a set-off, and the tender was refused; he then paid the money to the clerk of the court for the use of the defendant, but it was not received by defendant. The facts in this part of the case are so indistinctly stated, that we cannot assume any thing definite upon them. The object of the plaintiff doubtless was to avoid- the effect of the set-off in reference to the matter of costs, now amounting to the sum of $540.
But it does not appear that the money offered as a payment of the judgment was paid into court under an order and rule of the court, authorising it to be done. If a party bring money into court, he must do so under a rule of the court, and *96 upon payment of proper costs up to that time. The debt so paid will thereupon cease to form any part of the future litigation in that behalf, and the other party will be entitled to receive the money. 1 Tidd’s Pr., 620. The proper practice in this respect, seems not to have been adopted in the present case.
The judgment will be reversed, and the cause be remanded for further proceeding.