ROGERS v. TINDALL.

(*Knoxville.* September 29, 1897.)

1. REDEMPTION OF LAND. *Advancing bid.*

A judgment creditor who has bid off his debtor's land at execution sale, must advance his bid, if he desires to advance it at all, within twenty days after the sale, and an advance made after the expiration of the twenty days allowed by statute is void. (*Post, pp. 357–362.*)

Code construed: §§ 3811–3819 (S.); §§ 2947–2955 (M. & V.); §§ 2124–2132 (T. & S.).

2. TENDER. *Not required, when.*

No tender of the amount necessary to redeem from an execution sale is required where the debtor's right to redeem is denied absolutely. (*Post, p. 363.*)

3. SAME. *Bringing money into Court.*

The failure of the complainant in a bill to redeem to bring the amount necessary for redemption into court is matter for demurrer, and waived if not taken advantage of by demurrer. (*Post, p. 363.*)

FROM CAMPBELL.

Appeal from Chancery Court of Campbell County. H. B. LINDSAY, Ch.

S. I. ROGERS for Rogers.

WASHBURN, PICKLE & TURNER and J. E. JOHNSTON for Tindall.

SNODGRASS, C. J.    In June, 1886, Tindall recovered a decree against Rogers for $286 and costs, and for sale of land to satisfy it.    The land was sold, and Tindall bought it, at the price of $140. Biddings were opened, and Tindall raised his bid to $210, at which price he became the purchaser.    The decree confirming this sale was entered May 4, 1887.    In March following, Tindall advanced his bid, crediting his decree with $69.    Rogers offered to redeem in September, 1888, and tendered an amount sufficient to pay the original purchase price, $210, and interest.    This tender was refused by Tindall upon two grounds: First, that the land was not redeemable, and, second, that the tender did not include the $69, advanced some months after the original purchase, with its interest.

The bill in the case before us was filed to enforce redemption.    It made other questions, but they need not be noticed.    The Chancellor dismissed the bill, and the Court of Chancery Appeals affirmed the decree.    Complainant appealed, and assigned errors.    The point made by complainant, in objection to decree of the Court below, before the Court of Chancery Appeals, and the disposition of it by that Court, is thus stated in its opinion: "Mr. Rogers insists that, inasmuch as the advance bid was not made within twenty days, the judgment creditor could not subsequently advance his bid. Code, § 2132 (M. & V., § 2955; Shann., § 3918.) We do not think this statute bears the construction

insisted upon. This precise point was ruled in the case of *Holmes* v. *Jarrett, Moon & Co.*, 7 Heis., 506. It is there said that the only right which the purchasing creditor loses by failing to advance his bid within twenty days is the special preference which the statute gives during that time, but that afterwards he has the same rights as other judgment creditors."

The quotation from the 7 Heiskell case is accurate, but the point there in judgment was whether one purchasing creditor, from whom the land had been redeemed by another, could himself again redeem from the latter. It was held, and properly, that he could, and that he had not lost such right and, the Court added, no other, except the special preference to advance his bid within twenty days, but that he still had the same rights, as other judgment creditors. Before this case can be assumed even to say, much less to decide, that he had a right at all to advance his bid a second time, or after the expiration of twenty days, before redemption by another, it must be taken for granted that he was given such right by statute, and that such right was vested in all other creditors, because all that is said is that he had lost no right (except that of advancement), and retained all the rights other creditors had. The question was not involved whether he could make a second advance without an intervening redemption, for the facts did not raise it, and were not assumed to raise it.

There had been no such second advance made or

attempted. The first purchaser had not advanced his bid at all after his purchase. He had allowed the land to be redeemed by a second purchaser or redemptor, and then the first offered to redeem from him. The statute is the only authority for redemption and for advancing bid. It is not a question of equity, but of strict law. It gives to the debtor or any judgment creditor, or creditor whose debt is acknowledged by deed, the right to redeem within two years after the sale. Code, § 2124 (M. & V., § 2947; Shann., § 3811), *et seq.* And if the redemptor be such creditor, it gives him the right, within twenty days, to advance his bid. Code, § 2127 (M. & V., § 2950; Shann., § 3814). And it gives the right of further redemption and like advancement of bid to creditors in the relation designated, but it gives only twenty days to advance after each purchase or redemption. Code, § 2129 (M. & V., § 2952; Shann., § 3816). The land is made thus redeemable for two years, no matter how often redeemed. Code, § 2130 (M. & V., § 2953; Shann., § 3817).

But, in respect to increase or advance of bid, the statute expressly gives only the twenty days after each purchase or redemption, and provides that "in no case shall the holder or claimant of the property increase his bid against the debtor or any *bona fide* creditor offering to redeem the real estate, except as above provided." Code, § 2132 (M. & V., § 2955; Shann., § 3819).

It appears from the statute thus cited that each

creditor had, and had only, twenty days after each purchase or redemption to advance his bid. When it is said, therefore, in the 7 Heiskell case, that a creditor lost no other right by failing to advance his bid, it did not mean, and was not intended to mean, that he had an indefinite time to advance; it only means that he had not lost any creditor's right (not already exercised) which the statute gave him, and retained the same rights as all other creditors. Their right was that of redemption in his hands; his right was the same—that of redemption when it got in their hands. He could not, of course, redeem from himself, nor they from themselves, but each could redeem from the other. Hence, all had the same rights—but to be once and alike exercised. He had one right of purchase, and twenty days to advance his bid. They each had one right of redemption and such advance of bid, and this last right might be exercised in indefinite repetition to expiration of the two years. As neither had any other right, neither could lose any other, but each retained it alike as the creditor in the 7 Heiskell case—retained what he had, not what he had not—either because not given, or given and already exercised.

We can see very well a good policy in giving twenty days to advance, and giving only that time. The debtor (who has precisely the same right of redemption as creditors), and creditors themselves, can always, and in reasonable time, ascertain what

they will have to do to redeem, and it is ample time to allow the creditor to make up his mind how much he intends to put as a burden upon the redemption. The policy of the law is not to let any creditor hold indefinitely the property of his debtor without fixing all the charge upon it he intends to do. So it is held that a creditor who has not advanced his bid (and by this is meant not advanced it within the time and upon the terms prescribed by law), cannot hold land against his debtor, or the assignee of his debtor's right of redemption, upon a tender of the amount of the purchaser's bid and interest, because of an unsatisfied judgment against the redeeming debtor or assignee. *Ewing* v. *Cook*, 1 Pick., 332.

But it is not necessary to discuss the question of policy; it is enough that thus saith the law. The right to advance is purely statutory, as already said, and only exists as the statute creates it. Nor, for a like reason, is there any room for the argument of convenience or inconvenience. It is said that as the creditor can redeem and readvance, therefore he ought to be allowed to readvance to himself, from whom he cannot redeem. It is also said that as he can relevy when the debtor redeems, he ought to be allowed to make any additional advance before the debtor redeems. All these averments of facts are true, but it does not follow that the conclusions are, merely because the law does not so ordain. It is true of all law that it might

be just as convenient or more convenient, if it were otherwise, or might be as good or better if it was of more extensive application, but that does not change or extend it. It is an argument that addresses itself to the lawmaking power, but not to that which merely applies the law as it is. It is, however, worthy of observation that there can be discerned a wise purpose in requiring this one advance (or such as is made in twenty days) after each purchase or redemption, because the inconvenience of not doing so (occasioning, if he values the land more highly than he has indicated by his bid, or deems it to his interest to do so, that he shall submit to a redemption, and then redeem or relevy and sell) impels the creditor to act promptly and deal justly with the debtor by appropriating his property more nearly at its real value, rather than bid and advance small amounts, let another creditor redeem, and then undergo the inconvenience of further redemption, or let the debtor redeem and thus be put to the inconvenience of another levy. All this he can avoid by bidding, or, within the time allowed by law, advancing an amount equal to the value of the property or what he is willing to allow for it. Its effect, therefore, is to bring about this result, and as it thus secures definitely and in a reasonable time an approximation of justice to the debtor, is, certainly, to say the least of it, not unwise. At all events—wise or unwise—thus it is written, and we must apply it as it is.

Rogers *v.* Tindall.

There is another question made in the case which is worthy of notice, and that is that the redeeming creditor, while he tendered the redemption money, did not bring it into Court with his bill, but only promised to pay or secure it on final hearing. There are two answers to this—first, the creditor denied the right of complainant to redeem absolutely, and it is familiar law that in such case no tender is necessary; and, second, that the failure to bring the money into Court is matter of demurrer, and the bill was not, on this ground, demurred to. It follows that complainant is entitled to redeem, and, on payment of the $210, with interest to date of original tender, within thirty days, will be allowed now to redeem.

The cost of the cause will be paid by defendant, but he, in default of redemption by complainant, may have judgment over against him for the costs thus adjudged, when paid.