JAMES *et al. v.* WILLIAMS *et al.*

(*Jackson,* April Term, 1935.)

Opinion filed May 17, 1935.

HOWARD E. BROWN, of Dickson, and W. M. LEECH and W. B. LEECH, both of Charlotte, for appellants.

J. B. DANIEL, of Nashville, and JOE B. WEEMS, of Dickson, for appellee.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

Col. William Henry Williams James died intestate in Dickson county, Tenn., on February 20, 1933, at the age of eighty-three years. He had never married and left only collateral heirs, the children and grandchildren of his deceased brother, complainants in this cause. Ill feeling existed between Col. James and these relatives. He had accumulated a large fortune, consisting of real estate in Dickson county. A strong friendship existed between Col. James and his first cousin, George T. Williams, of Pecos, Texas. In 1919, Col. James visited Mr. and Mrs. Williams, and became greatly attached to their little five year old daughter, Anne Elizabeth Williams, defendant in this cause, and he decided to make her his heir. Accordingly, on February 21, 1919, Col. James undertook to adopt this child pursuant to the method of adoption provided for by the statutes of the state of Texas. Later, on August 31, 1925, Col. James filed his petition for the adoption of said child in the county court of Davidson county, Tenn., consented to by Mr. and Mrs. Williams, and decree of adoption was granted by the court. This decree is as follows:

"State of Tennessee, County of Davidson.

"County Court of said County met pursuant to adjournment at the Court House in Nashville, Monday

morning, August 31, 1925, present and presiding His Honor Litton Hickman, Judge and C., when, among other things, the following proceedings were had, to-wit: "In re Adoption of Anne Elizabeth Williams:

"Be it remembered that this cause came on to be heard on this 31st day of August, 1925, before the Hon. Litton Hickman, Judge of the County Court of Davidson County, Tenn., upon the petition of William Henry Williams James, to adopt Anne Elizabeth Williams, a twelve year old relative.

"Said petition to which is annexed the approval of the father and mother of the child, is in the following words and figures:

"To the Honorable Litton Hickman, Judge of the County Court of Davidson County, Tennessee:

"Petition of William Henry Williams James, in the matter of adoption of Anne Elizabeth Williams.

"Your petitioner, William Henry Williams James, would most respectfully show to the Honorable Court that he is now seventy-five years of age, and has no children. He has never married. He has accumulated a considerable amount of property and has made this property by his own industry, effort and economy.

"Some years ago in about 1919, while in the State of Texas he adopted by proper proceedings at Pecos, Reeves County, Texas, a little girl, a relative of his by the name of Anne Elizabeth Williams. This little girl is now about twelve years old. He supposes that the adoption in Texas was full and complete and would enable her to inherit and acquire his property if she should outlive him, at least such was the intention and purpose of the same. But whether said proceedings would be binding and conclusive in the courts of Tennessee on Tennessee

property he does not know. And in order to make sure that everything is binding that there may be no loophole by which the object of adoption may be defeated, he now makes application to this court to be permitted to adopt said Anne Elizabeth Williams in this County and State so that she can and will inherit his property upon his death just as though she was his real daughter.

"He has consulted the father and mother of this little girl and they have given their consent to this adoption.

"It is petitioner's purpose and desire that as his adopted child said Anne Elizabeth Williams shall inherit all of his property.

"He asks that a decree of this Court be entered approving and making permanent the aforesaid adoption. August 18, 1925.

"William Henry Williams James.

"We, the undersigned father and mother of Anne Elizabeth Williams have read over and know the contents of the foregoing petition and hereby fully and freely give our consent to the adoption of our daughter, Anne Elizabeth Williams, as herein sought. This the 18th day of August, 1925.

"George F. Williams,

"Vay H. Williams.

"I will be security for costs,

"J. B. Daniel, Atty.

"The Court knows of no reason why said petition of adoption should not be granted.

"It is therefore ordered, adjudged and decreed by the Court that the petition be granted, and that said Anne Elizabeth Williams be declared to be the adopted daughter of said William Henry Williams James, with all the rights of an adopted child.

"Petitioner will pay the costs of this case.

 "Litton Hickman, County Judge.

"Filed Aug. 31, 1925.

"W. E. Coldwell, D. C."

On June 23, 1933, complainants, heirs at law of Colonel James, filed their bill herein, in the chancery court of Dickson county, seeking to recover the estate left by him. The primary basis of their claim is that both the Texas and Tennessee adoption proceedings were invalid and conferred no rights on Anne Elizabeth Williams. The chancellor held that both the Texas and Tennessee adoptions were legal and valid. Complainants appealed from the chancellor's decision to the Court of Appeals. That court held the Tennessee adoption valid and the Texas adoption invalid. The cause is now before this court on the petitions of both complainants and defendants for writs of *certiorari.*

Complainants attack the Tennessee adoption proceedings on the following grounds: (1) That the record fails to show that the county court of Davidson county had jurisdiction, the resident citizenship of the petitioner not appearing; (2) that Col. James at the time of said adoption proceedings was a resident citizen of Dickson county, and not of Davidson county; (3) that the suppression of the fact of the resident citizenship of the petitioner in Dickson county was a fraud on the court and the public policy of the state; (4) that the relationship of parent and child was never assumed by the parties; (5) that the adoption procedure was an effort to evade the common-law and statutory modes of devolution of title to property on death of the owner; (6) that Col. James was not of sound mind at the date of said adoption; (7) that the parents of said child prac-

ticed a fraud upon Col. James and upon the county court of Davidson county, and exerted undue influence upon Col. James.

A large volume of proof was taken in the cause, and upon consideration thereof the chancellor found that all allegations of the bill were fully met and denied by the answer and were not sustained by the proof. There is a concurrent finding of the chancellor that Col. James was a resident of Davidson county at the time said adoption proceedings were had, and that no fraud or undue influence was exerted to cause him to adopt said child.

 Section 3636 of the Code of 1858 (Shannon's Code, section 5402), in force and effect at the time of the adoption proceedings in Davidson county, is as follows:

"The circuit and county courts of this state have concurrent jurisdiction to change names, to legitimate, and authorize the adoption of children, on the application of a resident citizen of the county in which the application is made."

That Col. James was a citizen of Tennessee all of his life is not denied. That he was a resident of Davidson county at the time of said adoption is conclusively settled in the case by the concurrent finding of the chancellor and Court of Appeals. The statute above quoted means that the applicant must be a citizen of this state and a resident of the county where the petition for adoption is filed. There is no such thing as a citizen of a county; a county being a mere subdivision of a state and not itself sovereign. A phrase describing one as a citizen of a named county describes him as a citizen of the state and a resident of that county. *Gruetter* v.

*Cumberland Telephone & Telegraph Co.* (C. C.), 181 F., 248, 255.

■ ■ The question of whether or not Col. James was a resident of Davidson county when the adoption proceedings were had is not one open to inquiry in this cause. The county court is a court of general jurisdiction in adoption proceedings. *Crocker* v. *Balch,* 104 Tenn., 6, 55 S. W., 307; *Redmond* v. *Wardrep,* 149 Tenn., 35, 257 S. W., 394; *Magevney* v. *Karsch,* 167 Tenn., 32, 65 S. W. (2d), 562, 567, 92 A. L. R., 343. It has been held that the decree of such court of general jurisdiction cannot be collaterally attacked by parties or their privies, except for want of authority over the matter adjudicated, and in such case the record must show affirmatively such want of authority. That in the absence of anything in the record impeaching the right of such court to determine the question involved, there is a conclusive presumption that it had such right. *Magevney* v. *Karsch, supra; Reinhardt* v. *Nealis,* 101 Tenn., 169, 46 S. W., 446; *Wilkins* v. *McCorkle,* 112 Tenn., 688, 80 S. W., 834; *Pope* v. *Harrison,* 16 Lea (84 Tenn.), 82.

■ Section 3643 of the Code of 1858 (Shannon's Code, section 5409), provides as follows:

"Any person wishing to adopt another as his child, shall apply by petition, signed by the applicant, and setting forth the reasons therefor, and the terms of the aforesaid adoption."

This statute contains no requirement that the applicant state in the petition that he is a resident of the county. In *Crocker* v. *Balch, supra,* the court said: "It is insisted that the adoption proceedings in the county court are void, for several reasons: First, because the record does not show upon its face that Johnson and wife, who

adopted the child, were, at the time they filed their petition, citizens of Davidson county." The court held the adoption valid because the county court was one of general jurisdiction over matters pertaining to the adoption of children, and its decree could not be collaterally questioned, except for want of authority affirmatively appearing from the record. The effect of the holding in *Crocker* v. *Balch* is that it is not required by the statute that the residence of the applicant be stated in the petition. It should be noted that in the same chapter of the Code dealing with adoption, the subjects of change of name and legitimation are dealt with.

In section 3637, Code 1858 (Shannon's Code, section 5403), under the subtitle "Application to change name," it is provided that the application must be verified by affidavit, "stating that he is a resident of the county." No such requirement is made in the sections having to do with applications to legitimate or to adopt. The Legislature having prescribed the substance necessary to a petition to adopt, this court cannot interpolate a requirement not contained in the statute. The county court was authorized to determine for itself the existence of the facts which authorized the filing of the petition.

In *Railway Co.* v. *Mahoney, Adm'x,* 89 Tenn., 311, 15 S. W., 652, it was held that the appointment of the administrator by the county court of Knox county was conclusive against a collateral attack by plea asserting the intestate was a resident of Shelby county at the time of his death. And in *Franklin* v. *Franklin,* 91 Tenn., 119, 18 S. W., 61, it was held that an appointment by the county court of a county in which the deceased had no residence is only voidable, and to adjudge it void there must be a contest in the court where made.

50

It does not appear from the record in the adoption proceedings that Col. James was not a resident of Davidson county. The presumption therefore obtains that the fact of Col. James' residence in Davidson county was shown. "The rule is well settled that, although a pleading contains a defect, either in substance or form, that would have been fatal on demurrer, yet if on the trial the issues required proof of the facts so defectively stated or omitted, the defect is cured by the verdict or the judgment." *Magevney* v. *Karsch, supra,* citing *Morriss Bros.* v. *Bowers,* 105 Tenn., 59, 58 S. W., 328; *Memphis Gayoso Gas Co.* v. *Williamson,* 9 Heisk. (56 Tenn.), 314. Furthermore, our statutes of adoption are not construed strictly as to procedure. *Crocker* v. *Balch, supra; Redmond* v. *Wardrep, supra.* As stated in the *Magevney case,* "Strict construction, however, is not extended to the act of adoption itself. That is liberally construed in favor of the child adopted."

Col. James invoked the jurisdiction of the county court of Davidson county in the adoption proceedings. He acted upon and acquiesced in the decree granted on his application. He could never have been heard to question the validity of that decree. He would have been estopped from attacking that decree on the ground he was not a resident of Davidson county, and perpetrated a fraud on the court. Estoppel of parties applies to privies in blood and in law. *Nugent* v. *Powell,* 4 Wyo., 173, 33 P., 23, 20 L. R. A., 199, 62 Am. St. Rep., 17. Complainants are in privity with Col. James and possess no greater right than he had, while living. They stand in his shoes in all respects with regard to the adoption proceedings.

We have considered the other questions made

one the petition of complainants and find them to be without merit. Our conclusion is that the adoption proceedings in the county court of Davidson county are valid. It is unnecessary to inquire into the validity of the Texas adoption. The result is that both petitions are denied, we concurring in the results reached by the Court of Appeals.