JAMES et al. v. WILLIAMS et al.—99 S. W. (2d) 831.

Middle Section.    May 23, 1936.

Petition for Certiorari denied by Supreme Court, December 12, 1936.

W. M. Leech, of Charlotte, and W. B. Leech, of Dickson, for appellants W. L. James and others.

Ray Stuart and Robert Taylor, both of Dickson, for appellee J. J. Taylor.

CROWNOVER, J. This is a proceeding to fix the amount of compensation due to J. J. Taylor, as receiver of the estate of W. H. W. James. This proceeding was attempted to be begun by the filing of a petition in the chancery court in the case of W. L. James and others against Anne Elizabeth Williams and others, on June 5, 1934, after that suit had been decided by the chancellor in 1934, and the decree was affirmed on appeal in the Court of Appeals on February 16, 1935, and petition for certiorari was denied by the Supreme Court on May 17, 1935, in a decision reported in 169 Tenn., 41, 82 S. W. (2d), 541. The bill was dismissed and the case was not remanded for further proceedings.

The original bill was filed by W. L. James and others against Anne Elizabeth Williams and her parents, to recover the estate of W. H. W. James, deceased; the bill alleging that the proceedings

by which she was adopted by Colonel James were void, and that complainants were the heirs at law of Colonel James.

An attachment bond was executed and the property was attached, and at the instance of complainants W. L. James et al., J. J. Taylor, clerk and master, was appointed receiver of said estate and took charge of the real estate, an administrator having been appointed who had taken charge of the personal property, during the litigation.

The adoption proceedings were held valid by the court, and the bill of complainants dismissed. The case was appealed, and the decree was affirmed by the appellate courts as above stated. See James v. Williams, 169 Tenn., 41, 82 S. W. (2d) 541.

The real estate of said James estate consisted of seventy to eighty houses and lots, some vacant lots, four or five large tracts of land consisting of 4000 or 5000 acres of timber land located in Dickson, Montgomery, and Cheatham counties, and three or four farms in Dickson and Montgomery counties, a building in White Bluff consisting of business rooms on the first floor and apartments on the second floor.

The receiver looked after all of said property, repaired the buildings, rented the same, and collected rents pending the litigation in all the courts. ·

The receiver employed G. F. Williams, the father of Anne Elizabeth Williams, to assist him in collecting rents and managing the property, and paid him out of the estate the sum of $630 as compensation. And the receiver paid out of the estate on his expenses the sum of $205.

Anne Elizabeth Williams filed a written motion to dismiss the petition as the chancery court had no jurisdiction, which motion was overruled by the chancellor.

W. L. James and others filed an answer and denied liability, and insisted that the James estate was liable.

The chancellor appointed a special commissioner to hear evidence and report the amount of compensation that the receiver was entitled to; who, after taking considerable evidence, reported that $2,000 would be a reasonable allowance to the receiver as his compensation, but out of this allowance there should be deducted the sum of $630, the amount paid to G. F. Williams, since his services were a part of the duties incumbent on the receiver, and the further sum of $205, which represented the amount already paid to the receiver for expenses incident to his receivership. After making these deductions, the sum of $1,165 remained due the receiver.

The chancellor confirmed the report of the special commissioner and decreed that the compensation of the receiver should be $2,000 for his services, to be paid equally by the complainants, W. L. James and others, and the defendant, Anne Elizabeth Williams; and that

since the sums of $630 and $205 had been paid by the estate of Anne Elizabeth Williams, her half of said receiver's fee ($1,000) should be credited with $835, leaving a balance due by her of $165. And he rendered a decree against her and in favor of the receiver, J. J. Taylor, for $165, and against W. L. James and others and the sureties on their cost bond and attachment bond for $1,000. One-half the costs was decreed against Anne Elizabeth Williams and one-half against James and others and the sureties on their cost bond.

W. L. James and others excepted to said decree insofar as it adjudicated any liability against them and appealed to this court, perfected their appeal, and have assigned errors. Anne Elizabeth Williams prayed an appeal but did not perfect her appeal.

At the threshold we are met with a jurisdictional question. The lower court had no jurisdiction to entertain a petition after an appeal has been perfected, except on remand by the appellate court; and the record does not show that the case was remanded to the chancery court.

The lower court has no further jurisdiction after appeal is prayed and perfected and an order made thereafter by the lower court is void. 1 Michie's Digest (2d), 524, sec. 83; Sweetwater Bank & Trust Co. v. Howard; 16 Tenn. App., 91, 97, 66 S. W. (2d), 225.

Where a chancery suit has been dismissed and the defendant has sustained damages caused by the wrongful suing out of an attachment or injunction, he may have recourse on the bond (1) by remanding the case and having a reference as to damages, or (2) he may institute an independent suit on the bonds. DaFoe v. Starek, 9 Tenn. App., 668; Nashville Union Stockyards v. Grissim, 13 Tenn. App., 115. And where a receiver is appointed for the property attached, recourse may be had on the attachment bond for his compensation. Brown v. Brown, 155 Tenn., 530, 542-544, 296 S. W., 356; Sklar v. Bernstein, 7 Tenn. App., 593.

In this case it appears that the receiver is seeking compensation by filing a petition in the original case in the chancery court after an appeal had been perfected and the case disposed of in the appellate courts without remand. This cannot be done, as the appeal divested the chancery court of further jurisdiction in that case, and any other orders or decrees made by the chancery court are void, except where the case has been remanded to the chancery court. Sweetwater Bank & Trust Co. v. Howard, supra; 1 Michie's Tenn. Digest (2d), 524, sec. 83.

Where suits have been finally disposed of in the appellate court, without adjudicating the amount of the receiver's compensation, and have not been remanded to the trial court for that and

other purposes, the receiver's recourse is by an independent suit against the parties on their bond, as the appellate court has appellate jurisdiction only (DaFoe v. Starek, supra; Nashville Union Stockyards v. Grissim, supra); or, in some cases, under certain circumstances, the receiver's compensation may be taxed as costs. Gibson's Suits in Chancery, sec. 915, note 5; Hetterman v. Young (Tenn. Ch. App.), 61 S. W., 1085; Sklar v. Bernstein, 7 Tenn. App., 593.

The functions of a receiver are terminated by a final decree, although the receiver is not mentioned and there is no formal order discharging the receiver. In such an event the receiver ceases longer to act in the capacity of receiver, but thereafter becomes a trustee, as to the property in his possession, for the person entitled thereto under the decree upon proper demand; but he is not entirely discharged until his liability as to the fund is determined. 23 Am. & Eng. Ency. of Law (2 Ed.), 1128; Very v. Watkins, 23 How. (64 U. S.), 469, 16 L. Ed., 522, 524.

It may be insisted that this petition be treated as an independent bill on the bond. Gibson's Suits in Chancery, sec. 796, note 32. But on examination of the petition we find that it cannot be thus treated, as it is not in any sense a suit on the bond. The bonds are not mentioned in the pleadings, and the sureties were not made parties. The original bill, pleadings, evidence, bonds, and record in the original case were not made a part of the record in this case, and we do not know the conditions of the bonds, the amounts of the bonds, or the sureties named in said bonds, and in no sense could this petition be construed to be a suit on the bonds.

The trial here is de novo, and the lower court being without jurisdiction it results that the suit must be dismissed, as the decree of the lower court is void. The question of jurisdiction may be raised by the court on appeal. Reynolds v. Hamilton, 18 Tenn. App., 380, 77 S. W. (2d), 986. Of course, a dismissal of this petition for want of jurisdiction will not be a bar to an independent suit.

This petition cannot be treated as an application for the taxation of costs under Code, sections 9106, 9107, as the chancery court had lost jurisdiction of the case.

The costs of this proceeding including the costs of the appeal are decreed against J. J. Taylor.

Faw, P. J., and DeWitt, J., concur.