TAYLOR *v.* SMITH *et al.*

*(Nashville,* December Term, 1937.)

Opinion filed Jan. 15, 1938.

Joe B. Weems, of Dickson, and W. M. Leech, of Charlotte, for appellants.

Ray Stuart, of Charlotte, and Robert Taylor, of Dickson, for appellee.

Mr. Justice DeHaven delivered the opinion of the Court.

J. J. Taylor, complainant herein, was appointed receiver of certain properties which were attached in the cause of *W. L. James et al.* v. *Anne Elizabeth Williams et al.* in the chancery court of Dickson county. From the decree of the chancellor dismissing the bill in said suit, the complainants therein appealed to the Court of Appeals, with the result that the decree of the chancellor was affirmed. Certiorari was denied by this court. *James* v. *Williams*, 169 Tenn., 41, 82 S. W. (2d), 541. The chancellor in his decree, among other things, adjudged: "It is further decreed by the court that the attachment heretofore issued be dismissed; that the injunction be dissolved, and the receiver discharged, and he is ordered to pay over all funds and property in his hands to Anne Elizabeth Williams." No provision was

contained in the decree for a reference for the purpose of passing the accounts of the receiver, or to ascertain his compensation. With reference to the receivership, the order allowing the appeal provided: "If the complainants perfect their appeal the attachment, injunction and receivership shall continue, until disposed of in the appellate court."

The Court of Appeals, in affirming the decree of the chancellor, did not remand the cause to the chancery court of Dickson county for the purpose of winding up the receivership and fixing the compensation of the receiver. The Court of Appeals by its decree adjudged the costs against the complainants (James et al.) which were, later, paid by them.

Subsequent to the denial of *certiorari* by this court, in the above-mentioned cause, Taylor, the receiver, filed a petition in the cause in the chancery court of Dickson county, seeking to be discharged as receiver and for a reference to ascertain the amount of his compensation. The chancellor referred the matters to a special commissioner who, after hearing proof, reported, fixing the compensation of the receiver at $2,000. He decreed that the compensation allowed should be paid equally by the complainants and defendant; that certain expenses had been paid by the receiver, out of the estate, amounting to $835, to which Anne Elizabeth Williams was entitled to credit, leaving a balance to be paid by her of $165; that the remaining $1,000 "will be taxed as costs in the cause against complainants on their prosecution bond and attachment bond, to be paid by complainants, W. L. James et al., and the sureties on their cost and attachment bond, W. B. Leech, Howard E. Brown and W. M. Leech," etc. From this decree both W. L. James et al.

and Anne Elizabeth Williams prayed and were granted an appeal to the Court of Appeals. However, Anne Elizabeth Williams did not perfect her appeal. Taylor did not appeal.

W. L. James et al. had filed an answer to the petition and denied liability to the receiver, and insisted that the James estate was liable. Anne Elizabeth Williams had filed a written motion to dismiss the petition because the court had no jurisdiction, which motion was overruled by the chancellor.

On the appeal of W. L. James et al., the Court of Appeals reversed the decree of the chancellor, holding that the chancery court was without jurisdiction; there having been no remand of the cause. *James v. Williams,* 20 Tenn. App., 420, 99 S. W. (2d), 831. *Certiorari* was denied by this court. Thereafter, Taylor filed his present bill against Anne Elizabeth Williams (Smith), defendant in the original cause, W. L. James, Sallie McNeely, and Minerva Jones, complainants in the original cause, and W. B. Leech, Howard E. Brown, and W. M. Leech, sureties upon their attachment and prosecution bonds, and averred, in substance, the history of the original litigation and his prior petition, and that he had not been compensated for his services as receiver. He exhibited with his bill statements showing the receipts coming into his hands, as receiver, and of his disbursements, and alleged, with some detail, the services performed by him as receiver. He averred that such services were reasonably worth $2,400. In addition to this sum, he averred "he is entitled to damages for all the defendants' neglecting, failing and refusing to protect him, as an officer of the court, in their final decree in said cause, that he has been damaged in the sum of ap-

proximately $600." It is averred, in substance, that the damages for which he sues consists of trouble, loss of time, expenses, and solicitor's fees.

The relief sought by the prayer of the bill is that complainant have reasonable compensation for his services rendered as receiver, "together with damages sustained by reason of the neglect of duty by the said parties to the suit, as alleged in the bill, and to this end all necessary references be had," etc.; that the court adjudge and decree the liability of all the parties for complainant's compensation and damages.

It appears that complainant's report as receiver has not been acted on by the chancellor, except by the decree of the chancellor on complainant's petition for compensation, which decree was reversed. By the chancellor's decree in the original litigation complainant was discharged as receiver, but by a subsequent order the receivership was continued pending the appeal. The effect of the final decree, on appeal, was to terminate the receivership; but complainant was not finally discharged until his liability as to the fund is determined. 23 Am. & Eng. Ency. of Law, (2 Ed.), 1128; *Very* v. *Watkins,* 23 How. 469, 16 L. Ed., 522, 524. It appears from the record that complainant was required to give a receiver's bond in the sum of $20,000. The receiver and his sureties, we think, are entitled to a settlement of the receiver's accounts. While this is doubtless true, complainant has not prayed in his bill for such relief.

The two groups of defendants separately filed pleas in abatement and demurrers to the bill, all of which were overruled by the chancellor and a discretionary appeal allowed to this court. The nature of the pleas and de-

murrers will appear from a discussion of the assignments of error made here.

Anne Elizabeth Williams by her first assignment of error asserts that the chancellor was in error in overruling her motion to dismiss the bill and her demurrer because it does not appear from the bill that she was in any way instrumental in securing the services of complainant as receiver, nor does the bill allege any debt, contract, wrong, or negligent act upon which to base a decree against her. By her fourth assignment of error she asserts that the chancellor was in error in overruling her demurrer, because the bill shows upon its face that by the decree in the original suit she was fully absolved from any cost and receivership fees, and complainant was ordered to pay over to her all receivership funds in his hands.

The appointment of a receiver was incidental to the attachment sued out by W. L. James and others in the original suit. The properties of Anne Elizabeth Williams were seized under the attachment and placed in the hands of a receiver appointed by the court. This proceeding was hostile to her interest. It is stated in the bill that she consented to the appointment of a receiver. The order of the chancellor does not so show.

The final decree in the original suit found all issues in favor of Anne Elizabeth Williams and the bill was dismissed. James and others were taxed with the costs of the suit. On appeal, the decree of the chancellor was affirmed in all respects.

We are of opinion that the chancellor was in error in refusing to dismiss the bill as to Anne Elizabeth Williams (Smith) upon the grounds pointed out in her

two above assignments. Her other assignments of error need not be noticed.

The question made by the assignments of error of W. L. James and others will be disposed of by the subject-matter rather than by treating each assignment separately.

It is insisted that these defendants have paid the costs adjudged against them in the original suit, "and, therefore, have been relieved and discharged of any liability," and they rely upon the doctrine of *res adjudicata* as a defense to the suit. We do not think that the payment of the court costs adjudged against these defendants in the original suit, upon the dismissal of their bill, embraced or had reference to anything more than the ordinary costs shown by the record to have been taxed against them. The compensation of the receiver was not adjudged by the chancellor, and the Court of Appeals could not, in the circumstances, have included unadjudged compensation of the receiver in the costs it ordered defendants (complainants there) to pay. Hence, the question of defendants' liability for compensation of the receiver is not *res adjudicata*. Nor can it be maintained that the adjudication of the costs against defendants relieved them from liability for the receiver's reasonable compensation.

It is next insisted that complainant's cause of action is barred by the one-year statute of limitations. Code, section 8595. The theory upon which this contention is based is that the suit is in tort, seeking the recovery of unliquidated damages of a nature not cognizable in a court of equity. Upon this theory it is insisted that the court had no jurisdiction of the cause and that, in any event, the cause of action was barred. We

think the limitation of six years, (Code, section 8600), is applicable to complainant's claim for compensation.

Complainant seeks by his bill to recover compensation for his services as receiver. He also seeks to recover damages to the amount of $600, which he avers has been sustained by him by reason of defendants neglecting, failing, and refusing to protect him as an officer of the court in the final decree entered in the cause, and ''that he has been out expenses and other trouble and solicitor's fees,'' as the result of their failure and refusal to protect him.

██ ██ That the court has jurisdiction of the suit in so far as it is sought to recover compensation as receiver there can be no doubt. Code, section 10377. There existed an implied contract on the part of complainants in the original suit to compensate the receiver appointed at their solicitation. In *James* v. *Williams,* 20 Tenn. App., 420, 99 S. W. (2d), 831, 833 (this being the cause wherein the petition filed by the receiver in the original cause for compensation was dismissed for want of jurisdiction), the court said: ''Of course, a dismissal of this petition for want of jurisdiction will not be a bar to an independent suit.'' The court had cited as authority for this proposition *DaFoe* v. *Starek,* 9 Tenn. App., 668, and *Nashville Union Stockyards, Inc.* v. *Grissim,* 13 Tenn. App., 115.

██ With respect to the claim for damages alleged to have been suffered by complainant, we think the bill states no cause of action against defendants. Complainant was under no compulsion to adopt what was held to be the erroneous remedy of filing a petition in the original cause for compensation. He could have at that time filed his original bill for compensation and placed him-

self in substantially the same position as he would have occupied had the cause been remanded. The facts averred would not justify a decree for damages of the nature alleged against defendnts, and the chancellor should have so held. This being true, it is unnecessary to discuss the question of the statute of limitations.

With reference to the liability of the sureties sued herein for the compensation of the receiver, it appears that the penalty of the attachment bond executed by them was $500. In *Brown* v. *Brown,* 155 Tenn., 530, 544, 296 S. W., 356, 360, where the question of the compensation of the receiver was presented, the court said:

"The receivership was made necessary by the attachment. The receiver was appointed to take possession of and safely keep, the property brought into the custody of the court by the writ of attachment. The costs and expenses of the receivership were therefore a part of the costs and damages resulting from the wrongful suing out of the attachment. . . .

"The decree of this court, to be rendered against the complainant, will therefore include the sureties on her attachment bond, to the amount of the bond."

██ It is proper, we think, that defendants, W. L. James and others, pay the cost of compensation to the receiver. In 15 C. J., 113, it is stated: "While the general rule is that the costs of the receivership must be paid out of the fund in his hands as an officer of the court, the rule is not without exceptions, and where a receiver is improperly appointed, the party by whom the improper appointment is secured is liable for the costs."

The chancery court has jurisdiction in this cause to award compensation to the receiver, as heretofore

stated. The action does not fall within any of the exceptions to the jurisdiction of the court set forth in section 10377 of the Code. The limit of the liability, however, of the sureties on the attachment bond is $500, the penalty of the bond.

The bill as to Anne Elizabeth Williams (Smith) is dismissed. Otherwise the decree of the chancellor, with the modifications set forth, is affirmed.

The costs of the appeal will be paid one-half each by complainant and defendants, W. L. James and others.