# WILLIAMS v. TITLE GUARANTY & TRUST CO. et al.
## —212 S. W. (2d) 897.

Eastern Section.   March 9, 1948.

Petition for Certiorari denied by Supreme Court, June 12, 1948.

Moon & Anderson, of Chattanooga, for Title Guaranty & Trust Co., appellant.

Chambliss, Chambliss & Brown, of Chattanooga, for Sol Klaus, appellant.

Strang, Fletcher & Carriger, of Chattanooga, for A. H. Dunlap, appellant.

Charles C. Moore, of Chattanooga, for appellee.

GOODMAN, J. This suit was filed by Joe V. Williams, Jr., seeking an injunction against the defendants, restraining them from selling, conveying, assigning or otherwise encumbering certain property located in the City of Chattanooga, and seeking to have the defendant, Title Guaranty & Trust Company, declared trustee for complainant, requiring it to clear the property of encumbrances and to execute a proper deed of conveyance to complainant therefor. The defendants, by their respective answers, in substance join issue upon all the material allegations of the bill; the defendant, Title Guaranty & Trust Company, in effect taking the position of an interpleader and the defendant, Sol Klaus, asserting paramount title to that of the complainant.

It is contended by the complainant that he, by virture of a contract to purchase the property from one Shuttles, a resident of North Carolina, and against whom a pro confesso was entered, is entitled to performance of such contract as against the Title Guaranty & Trust Company, holding the legal title to said property as trustee

and the defendant, Sol Klaus, beneficiary of such trusteeship, on the ground that both of the defendants had notice of the pre-existing contract of sale and were not innocent purchasers for value of the real estate.

The Chancellor found in favor of the complainant and held that the defendants had knowledge of circumstances which put them upon particular inquiry concerning complainant's contract; that they were not entitled to protection as bona fide purchasers and that the complainant was entitled to the relief prayed for in the bill. A petition for a rehearing was filed on behalf of the defendants but the same was overruled and a decree was entered in accordance with the previous memorandum opinion of the Chancellor, making perpetual the injunction theretofore granted the complainant, divesting the Title Guaranty & Trust Company, Trustee, of the title to said property and vesting the same in the complainant, and directing said defendant to execute, acknowledge and deliver to the complainant, a proper deed of conveyance for registration as muniment of title. It was decreed that the complainant recover of the defendant, Sol Klaus, reasonable rents on said property from August 24, 1946, with said defendant afforded credit against same by way of interest at 6% on $10,000, from September 24, 1946, to April 22, 1947, the date the complainant tendered said amount, representing the purchase price of said property, into the registry of the Court. Provision was made for the payment of the judgment and costs and the payment over to the defendant, Sol Klaus, of the balance of said tender. A reference to the Master was ordered to determine and report the amount of reasonable rents decreed as aforesaid. The defendants excepted and prayed an appeal to this Court, pursuant to which errors are here assigned.

Following the filing of the memorandum opinion of the Chancellor, but prior to the entry of the final decree in the cause, a petition was filed by A. H. Dunlap seeking to have adjudicated his commission as real estate agent in the transaction whereby the contract of sale was entered into between the defendant, Shuttles, and the complainant. Answer was filed thereto by the defendant, Sol Klaus, denying the petitioner's right to have a commission paid out of the funds in Court, but this matter was not included in the adjudication as reflected by the final decree of the Chancellor. Subsequently and following the entry of the final decree and perfection of appeal by the defendants, a supplemental decree was entered awarding the petitioner the sum of $500 as commission in said transaction. From this decree, the defendants have likewise appealed. Amended assignments of error were filed predicated upon the action of the Chancellor with respect to said petition.

The assignments of error filed by the respective defendants present two principal propositions, (1) the validity of the complainant's contract with Shuttles at the time of the execution of the deed by the latter to the Title Guaranty & Trust Company, as Trustee for the defendant, Klaus; and (2) the bona fides of the transaction between Shuttles, the Title Guaranty and Trust Company and Klaus.

We are of the opinion that the record supports the decree of the Chancellor; that there was in effect at the time of the execution of the deed to the Title Guaranty & Trust Company, as Trustee for Sol Klaus, a valid and outstanding contract between Shuttles and the complainant; and that both defendants had sufficient knowledge of such contract as to put them upon inquiry with respect thereto.

The contract between Shuttles and Williams, as finally consummated August 24, 1946, contained an offer of the latter to purchase the property of the former, described as "501 Cherry Street, being approximately 26.5 x 101½ feet known as the Ida Ischopik property," for the sum of $10,000. Therewith there was deposited with A. H. Dunlap, agent, a check payable to his order in the amount of $250 as a credit on the purchase price if the sale was consummated. The contract provided, "Should this offer be accepted by the owner, I (we) agree to close the purchase within 30 days from the date notification of acceptance is given." This contract and the check for the deposit, unindorsed, were left with the Title Guaranty & Trust Company on the same date for title examination, and, though there is some dispute as to the scope of the latter's function in the transaction, a deed was forwarded by the Company's title attorney and examiner to Shuttles and wife for execution on August 31, 1946. This deed was never returned. During September 1946, the defendant, Sol Klaus, entered into a transaction for the purchase of the same property, through another agent, James R. Chamberlin, of Chattanooga. As a result of these negotiations, and for a consideration of $11,000, a deed, acknowledge September 21, 1946, was executed by Harold Shuttles and wife, Patricia P. Shuttle to the defendant, Title Guaranty & Trust Company, Trustee. This deed was delivered to the latter and recorded. The proof shows the defendant, Sol Klaus, to be the intended beneficiary of this trust. Considering this state of the proof with respect to the divergent interests of the parties, together with other proven facts pertaining to the status of complainant's purchase contract, we are unable to agree with appellant's contention that such instrument was not

valid and enforceable at the time the deed was executed. Complainant stood ready to perform. He did not breach the contract and was not responsible for the delay in carrying out the provisions thereof. On the other hand, the owner, Shuttles, through acceptance of complainant's offer became obliged to execute and deliver a deed for the premises contemporaneous with payment of the purchase price. The obligations of the parties were reciprocal; and either, in order to compel the performance of the other, was bound to comply or exhibit a readiness to comply with his own contractual undertaking. Smith's Heirs v. Christmas, 15 Tenn. 565; 55 Am. Jur. 579. Even if the payment of the earnest money or deposit by Williams, be not considered perforance of the condition precedent to the execution of the deed by Shuttles and wife, the contract did not thereby become vitiated. His rights therein still existed and were enforceable at the time of the conveyance to the defendant Title Guaranty & Trust Company. No demand had been made upon him for payment of the balance of the purchase price and a breach of the contract on his part would not occur nor right of action against him accrue until the vendor was himself in readiness to perform. Conversely, he was onerated with a similar obligation before he could maintain an action.

■■ It is considered unnecessary to here determine the validity of complainant's first tender made by check to the defendant, Title Guaranty & Trust Company. Even if tender into Court subsequent to the filing of the original bill was ineffectual, Shinkle v. Nashville Imp. Co., 172 Tenn. 555, 113 S. W. (2d) Lincoln Sav. Bank v. Ewing, 80 Tenn. 598; Keith v. Smith, 31 Tenn. 92; since complainant's right to an enforcement of his con-

tract is unequivocally denied and objection for want of tender was not made by demurrer or answer, but only after final decree, it comes too late. Bradford v. Foster, 87 Tenn. 4, 9 S. W. 195; Rogers v. Tindall, 99 Tenn. 356, 42 S. W. 86. But we think that any defect in the action otherwise existing was cured by amendment to the bill accompanied by the tender.

The defense predicated upon the principle of bona fide purchase without notice is considered untenable in light of the proven facts.

Section 7668 of the code (Acts 1831, Chi. 90, Sec. 12; 1841-42, CH. 12, Sec. 2, modified; 1937, CH. 122, Sec. 1) provides that instrument, such as the contract here involved must be "... acknowledged and registered, or noted for registration. . ." or the same shall be null and void "... as to existing or subsequent creditors of, or bona fide purchasers from the makers without notice." The subject contract was not recorded until after the delivery and recordation of defendant's deed.

■ Considerable evidence was adduced pertaining to the negotiations engaged in by the respective parties in connection with this property. Although the weight and probative effect thereof is strenuously controverted, we find it to be established that the defendant Title Guaranty & Trust Company had actual knowledge of the existence of the contract between Shuttles and Williams at and prior to the time it received the deed conveying the property to it in trust for the defendant Klaus; and that the latter had at least sufficient knowledge thereof to place him upon inquiry concerning the same. The former had been engaged to conduct the title examination preliminary to the consummation of the sale to Williams, and through its officers and employees, was cognizant

of the preparation and forwarding of the (Williams) deed to Shuttles for execution. If it is to be treated as the vendee, in contemplation of law, there is no question but that Williams' interest in the property would be paramount. But it is unnecessary here to determine the ultimate issue upon the indirect relationship involved. The cestui que trust, prior to the negotiations which lead to the execution of the deed to his Trustee, had been approached concerning a loan to Williams on the same property. Moreover, the real estate agent, Chamberlin, who for some time had been on the lookout for suitable property for the defendant Klaus to purchase, and who had previously acted in the capacity of agent for the latter, also had been acting as rental agent for Shuttles. We believe that the record clearly demonstrates knowledge on his part of the Williams contract; and, under the circumstances, such knowledge would be imputable to Klaus, irregardless of the exact status, with respect to agency, which he occupied as between Klaus and Shuttles. There is other proof in the record, though controverted, which lends further support to the contention that the defendants are not bona fide purchasers without notice; but it is considered unnecessary to reconcile the same in view of the facts which are undisputed. A contract or agreement to convey is held to be such an interest as will prevail as against a subsequent purchaser with notice. Whitney v. Hay 181 U. S. 77, 21 S. Ct. 537,45 L. Ed. 758; Noyes v. Hall, 97 U. S. 34, 24 L. Ed. 909; 55 Am. Jur. 1048. So that complainant's title depends upon the establishment of notice to the defendants.

"Notice of a prior interest which will be effective to charge a subsequent purchaser with knowledge of its existence may be either direct information of the prior

right, or may consist of information of the facts from which actual knowledge may be inferred; the notice need not be actual, but may be constructive or implied. It need not contain complete information of every fact material for the purchaser to know. Where actual notice of an outstanding interest is duly given, the purchaser is chargeable with notice of all that an inquiry of the of the person giving the notice of the outstanding interest would have disclosed." 55 Am. Jur. Supra, 1069. And, "It is a general rule of law that a principal is chargeable with and is bound by the knowledge of or notice to his agent, received while the agent is acting within the scope of his authority and which is in reference to a matter over which his authority extends." 55 Am. Jur. Supra, 1073. Both rules have been recognized in Tennessee almost from the establishment of our judicial system. In Woodfolk v. Blount and others, 1816,4 Tenn. 147, 9 Am. Dec. 736, the Court held notice to the agent to be sufficient notice to the principal and, with respect to the extent of notice necessery, said, "Notice is either actual or implied. When anything appears which would put a man of ordinary prudence upon inquiry, the law presumes that such inquiry was actually made, and therefore fixes the notice upon him as to all legal consequences." Citing, 2 Fonb. 151; Ves. Jun. 437; 1 Vern. 149, 319; 2 Vern. 381; Ch. Ca. 246.

As aforestated, we are of the opinion that knowledge of complainant's interest in the property, by virtue of a prior contract to purchase, is imputable to both defendants and that their claims to title must accordingly yield.

Error is assigned to the action of the Chancellor in entering a decree upon the petition of A. H. Dunlap sub-

sequent to entry of the original decree and the perfection of appeals by the defendants. The record shows that the decree adjudicating the issue between the original parties to the cause was entered August 23, 1947. Appeals were granted and the same perfected by the filing of bonds on September 16th and September 20th, 1947, respectively. Thereafter, on November 14, 1947, a decree was entered in the Chancery Court awarding a recovery out of the funds in the registry of the Court to A. H. Dunlap as commission for the sale of the real estate to Williams. Dunlap's petition seeking such relief had been filed subsequent to the Chancellor's memorandum opinion, but prior to the entry of the final decree.

The Chancellor was without jurisdiction to enter the order with respect to the Dunlap petition after appeals had been prayed and perfected, and more than thirty days having expired since the entry of the decree. James v. Williams, 20 Tenn. App. 420, 99 S. W. (2d) 831; Sweetwater Bank & Trust Co. v. Howard, 16 Tenn. App. 91, 66 S. W. (2d) 225; Gibson's Suits in Chancery, 4th ed., Sec. 1262. Although it is said that this Court has full jurisdiction of the cause upon appeal, such jurisdiction does not extend to a determination of matters which are within the province of the lower Court, but which were not included in its adjudication which we are called upon to review. However, the distribution of the funds in Court is a function of the Chancellor; and, consideration of petitioner's claim for a commission may be properly had upon remand.

The assignment of error challenging the jurisdiction of the Court with regard to the supplemental decree pertaining to the petition of A. H. Dunlap is accordingly sustained. The decree of the Chancellor is in all other

respects affirmed and the cause remanded for reference to the Master as previously ordered, a hearing and determination upon the petition of A. H. Dunlap and the answer thereto, and for such further proceedings as are necessary to the enforcement of the decree.

McAmis, J., concurs.

Howard, J., not participating.