IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT NASHVILLE
_____

**STANLEY HOLDER d/b/a HOLDER'S**
**TOBACCO WAREHOUSE,**

    Plaintiff-Appellee,

Vs.                          C.A. No. 01A01-9702-CV-00080
                               Trousdale Circuit No. 2959-0-10

**BILLY M. CELSOR; BILLY F. CELSOR;**
**E. J. PARKER, JR.; ROBERT N.**
**RICKMAN; LEWIS BEASLEY, JR. and**
**HARTSVILLE TOBACCO BOARD**
**OF TRADE,**

    Defendants-Appellants.

_____

FROM THE TROUSDALE COUNTY CIRCUIT COURT
THE HONORABLE BOBBY CAPERS, JUDGE

Jacky O. Bellar; Bellar & Bellar of Carthage
Eddie Taylor; Donoho, Taylor & Taylor of Hartsville
For Appellee

Charles W. Bone and Keith C. Dennen; Wyatt,
Tarrant & Combs of Hendersonville
For Appellants

*REVERSED AND REMANDED*

Opinion filed:



**FILED**

**August 27, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

    **W. FRANK CRAWFORD,**
    **PRESIDING JUDGE, W.S.**

**CONCUR:**

**ALAN E. HIGHERS, JUDGE**

**DAVID R. FARMER, JUDGE**

Defendants, Billy M. Celsor, Billy F. Celsor, E.J. Parker, Jr., Robert N. Rickman, Lewis Beasley, Jr., and the Hartsville Tobacco Board of Trade, appeal the trial court's dismissal of the case based on a lack of jurisdiction. The defendants had motion for summary judgment pending against the plaintiff, Stanley Holder d/b/a Holder's Tobacco Warehouse (Holder), on the issue of the amount of damages allegedly suffered as a result of the wrongful issuance of an injunction.

On September 21, 1992, Holder filed a complaint and motion for a temporary injunction contesting his allocation of daily sales opportunity for the 1992-93 tobacco season by the Hartsville Tobacco Board of Trade (Board).[1] On October 21, 1992, the trial court granted a temporary injunction ordering the defendants to recognize Holder's claim to additional floor space for the 1992-93 tobacco selling season. On July 6, 1994, the trial court entered a final order making the temporary injunction a permanent injunction as to the 1992-93 tobacco season. Holder furnished the injunction bond required by the court. The defendants appealed the trial court's final order. On appeal, this Court held that the trial court erred in issuing the injunction because the trial court "was without jurisdiction to interfere into the actions of a private corporation." *Holder v. Celsor*, 914 S.W.2d 496, 501 (Tenn. App.), *perm. app. denied*, (Tenn. 1995). This Court reversed the issuance of a mandatory injunction by the trial court and remanded the cause to the trial court for "further necessary proceedings." *Id.*

On remand, the defendants filed a motion for summary judgment on August 9, 1996 with respect to the damages they allegedly suffered as a result of the issuance of the injunction, and Holder filed a response thereto. After a hearing on the motion for summary judgment, the trial court entered an order on January 6, 1997 dismissing the case. In its order, the trial court stated that, in light of this Court's opinion stating that the trial court lacked jurisdiction to interfere in the actions of a private corporation, the trial court did not have jurisdiction to consider the defendants' claims for damages incurred as a result of the wrongful issuance of the injunction.

The defendants appeal the trial court's dismissal and present the following issues for review, as stated in their brief:

---

[1] The daily sales opportunity is the amount of tobacco that may be sold within a certain tobacco market. Holder took issue with his allocation of daily sales opportunity, asserting that allocation should be based on performance rather than the amount of each warehouse's floor space.

> 1) Upon remand, following the decision by this Court that the trial court erred in issuing an injunction, did the trial court err in dismissing the defendants' claim for damages suffered as a result of the wrongful issuance of the injunction for lack of jurisdiction?
>
> 2) Are the defendants entitled to summary judgment in light of the failure of the plaintiff to present any competent evidence of a genuine issue of material fact with respect to the damages incurred by the defendants by virtue of the issuance of the injunction?

In their first issue, the defendants contend that the trial court erred in dismissing the case based on a lack of jurisdiction because a trial court has jurisdiction to award damages to a party that has been wrongfully enjoined even though the court lacked the authority to issue the injunction in the first place.

Holder contends that the trial court interpreted this Court's decision to mean that it lacked subject matter jurisdiction and that the cases cited by the defendants are distinguishable because those cases did not involve a lack of subject matter jurisdiction.

We must respectfully disagree with plaintiff and the trial court. In **Holder**, this Court noted the well settled principle of law, "that the courts in Tennessee should not interfere in the affairs of an association or private corporation in the absence of proof of bad faith or fraud on the part of those intrusted with its management." 914 S.W.2d at 496. Clearly the court has jurisdiction to make the determination of whether there is bad faith or fraud, and failure of proof in this regard does not render the proceeding void *ab initio* as in the case of lack of subject matter jurisdiction. To the contrary, it is merely a failure of proof on the part of the plaintiff as in any other case, thus resulting in the wrongful issuance of the injunction.

The injunction bond required by Tenn. R. Civ. P. 65.05 is specifically for "the payment of such costs and damages as may be incurred or suffered by any person who is found to have been wrongfully restrained or enjoined." Tenn. R. Civ. P. 65.05. "A surety's liability may be enforced on motion without the necessity of an independent action." Tenn. R. Civ. P. 65A.

The trial court issuing an injunction later determined to be wrongfully issued has jurisdiction to determine the amount of damages incurred by virtue of the wrongfully issued injunction. *See Smith v. Rodgers*, 677 S.W.2d 1, 4 (Tenn. App. 1984); *James v. Williams,* 20 Tenn. App. 420, 99 S.W.2d 831 (1936).

In the case before us, the trial court issued an injunction upon plaintiff posting an

injunction bond as required by Tenn. R. Civ. P. 65.05.  It was determined that the facts did not warrant the issuance of the injunction; therefore, the injunction was wrongfully issued.  Under the above authorities, the trial court has jurisdiction to assess damages for the wrongful issuance of the injunction.

In their second issue, the defendants contend that they are entitled to summary judgment on the issue of the amount of damages they allegedly suffered as a result of the injunction.  They argue that they established that they lost profits as a result of the injunction and that Holder failed to set forth specific facts to create a genuine issue of material fact on the issue of damages.  Therefore, they argue that they are entitled to a judgment as a matter of law.

On the other hand, Holder contends that damages must be proven under Tenn. R. Civ. P. 56.03 and argues that he raised a genuine issue of material fact.  In addition, Holder argues that further discovery is necessary on the issue of damages and that the defendants failed to establish that they were entitled to judgment as a matter of law.  Moreover, Holder argues that the defendants did not comply with Tenn. R. Civ. P. 65A requiring notice before proceeding against a surety.

At the time the trial court dismissed this case based on lack of jurisdiction, the defendants had a summary judgment motion pending before the court.  Given our reversal of the dismissal, we decline to rule on this issue in this case without first allowing the trial court the opportunity to do so.

The defendants also ask that if there is a remand, this Court direct the trial judge to recuse himself because of bias or a lack of impartiality.  We again decline to do as the defendants request.  If grounds exist for recusal, the matter should first be presented to the trial judge.

Accordingly, the order of trial court is reversed, and this cause is remanded for such further proceedings as necessary.  Costs of appeal are assessed against the appellee.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

_____
**ALAN E. HIGHERS, JUDGE**

_____
**DAVID R. FARMER, JUDGE**

4